[S. F. No. 1981.   Department Two.— October 11, 1901.]

## BENJAMIN F. SHEYER, by A. W. LINFORTH, his Guardian ad Litem, Respondent, v. N. R. LOWELL et al., Appellants.

NEGLIGENCE—INJURY IN ELEVATOR-SHAFT—GUIDANCE BY SERVANT—ABSENCE OF WARNING.— Where the plaintiff, being a stranger to defendant's warehouse, was sent there to sample goods, he was justified in trusting himself to the guidance of defendant's porter, and where such porter led him through a dark passage to a poorly lighted and unguarded elevator-shaft, into which he fell, under circumstances which warranted the jury in finding that the negligence of the porter in failing to warn the plaintiff, and not the contributory negligence of the plaintiff, was the proximate cause of the injury, a verdict against the defendant, who was the employer of the porter, is sufficiently sustained.

ID.— CONTRIBUTORY NEGLIGENCE— ESTOPPEL OF DEFENDANT.— The defendant cannot be heard to urge that the plaintiff, having been led by defendant's servant to such unprotected elevator-shaft, without warning of danger, walked into the shaft as the result of his own negligence.

ID. — DUTY TO PROTECT SHAFT — CONSTRUCTION OF CITY ORDINANCE — EVI-
DENCE. — A city ordinance providing that "every opening in a shaft
or hoist-well within two and a half feet above the floor shall be
protected by a rail, gate, door, or drop-door," is not invalid as being
class legislation, but applies for the protection of all classes of peo-
ple, and to every opening in a shaft or hoist-well in houses erected
before as well as after its passage. Such ordinance was admissible
in evidence to show the duty of the defendant to protect the shaft
in which the plaintiff was injured.

ID. — TWO THEORIES OF NEGLIGENCE — REFUSAL OF REQUESTED INSTRUC-
TIONS. — Where the evidence tended to support two theories of negli-
gence, one being the absence of any guard to the well, and the other
the porter's act in leading plaintiff to the well and permitting him
to fall into it, requested instructions for the defendant, based upon
one of these theories alone, and ignoring the other, were properly
refused.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a
new trial. John Hunt, Judge.

The facts are stated in the opinion.

Cary Howard, for Appellants.

Pierson & Mitchell, for Respondent.

GRAY, C. — This action was brought to recover damages
for personal injuries, alleged to have been sustained by plain-
tiff in falling down an elevator-well, negligently left open in
defendants' warehouse, situated in the city of San Francisco.
The plaintiff had a verdict and judgment for three hundred
dollars. Defendants appeal from an order denying their
motion for a new trial.

The plaintiff was sent by his employer to the warehouse of
defendants to procure a sample of nuts stored there. On enter-
ing the warehouse, he was informed by the porter in defend-
ants' employ that he thought the goods were on the floor above.
The porter said, "We will take the elevator and go up." The
porter then led the way down a dark and narrow passage, some
fifty feet from the front door, to the elevator in the back part
of the building, where he seized the rope of the elevator, and
the plaintiff, thinking the elevator was about to start up, at-
tempted to go upon it, but, it being at the next floor above, he
stepped into the well and fell to the cement floor of the base-
ment, severely injuring his knee. It was a rainy, gloomy day,

and so dark where the elevator was supposed to be, that plaintiff could not see whether it was there or not, but it appears that the porter knew, on approaching the well, that the elevator was at the floor above, and really took hold of the rope to bring it down when plaintiff fell. Though the well was without any guard rail or chain in place, the porter appears to have taken no steps to warn plaintiff, or prevent him in any way from falling into it. Of course, the plaintiff had the right to trust himself to the guidance of the porter. He also had the right to suppose that the porter would not drop him through any trap-door, or guide him into any elevator-well; and we think the jury were warranted in reaching the conclusion that the injury was the proximate result of the negligence of the porter, and not the result of any contributory negligence on the part of the plaintiff. Finding this well open, poorly lighted, and unguarded, as he did, common prudence demanded of the porter that he should see to it that a stranger on the premises did not walk or fall into it; and his employer should not, under the circumstances disclosed, be heard to say that the stranger walked into it himself as the result of his own negligence. Clearly, the porter was negligent, and we need go no further in search of evidence to uphold the verdict against his employers.

That the damages found are not excessive, is also clear. The defendant was laid up with a badly injured knee, and under the constant care of physicians, for two months, and at the time of the trial — nearly a year later — he had not entirely recovered. The evidence would have supported a verdict for damages greater than three hundred dollars.

The plaintiff put in evidence an ordinance of the city of San Francisco, requiring that "every opening in a shaft or hoist-well within two and a half feet above the floor shall be protected by a rail, gate, door, or drop-door." The objection urged to this ordinance is, first, that it was intended only to protect firemen, policemen, etc., and was never intended to protect the class of people to which this plaintiff belongs. The law, not being restricted to any class of people by its terms, will not be construed into a condition that might make it objectionable to the constitutional provisions against class legislation. We think the ordinance was intended for the benefit and protection of any person who might suffer by reason of its provisions having been violated, and this objection to it is therefore not well

taken. The second objection urged to the ordinance is, that it applies only to houses erected after its passage. It does not say so, but, on the contrary, is general in its terms, and requires "*every* opening in a shaft," etc., to be protected as therein provided.

The instructions given, when read together, are free from error, and there was no error in the refusal of offered instructions. Nor was the verdict contrary to the law as laid down in the instructions. It would illustrate nothing new or instructive to quote these instructions, or to attempt to analyze the law in connection therewith.

It is thought sufficient to say, under this head, that there were two theories upon which the plaintiff might well complain that defendants were negligent,—the one being predicated upon the absence of any bar or other guard to the well, the other upon the porter's act in leading plaintiff to the well and negligently permitting him to fall into it. The three instructions as to which appellant now claims the court erred in refusing were each and all properly refused, because they ignored this last-named theory of negligence, the jury being told, in substance, in each of them, that if the first-named theory was negatived by the evidence, the verdict should be for defendants.

The order appealed from should be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed. ·

McFarland, J., Temple, J., Henshaw, J.