S. J. KEERAN, Appellant, v. SPURGEON MERCANTILE COMPANY, Appellee.

NEGLIGENCE:   Condition and Use of Premises—Bare Licensee.   A person who enters an ordinary retail store and discloses no purpose other than to obtain an accommodation *strictly personal to himself*, and is granted such accommodation by those in charge of the store, is a mere *licensee*, and not an *invitee*, and the owner of the store is not liable for an injury received by said licensee while availing himself of said accommodation, and while at a place in the store not provided for customers.

*Appeal from Page District Court.*—EARL PETERS, Judge.

DECEMBER 15, 1922.

ACTION for damages for personal injuries to plaintiff, from falling down a stairway in the store of the defendant. The court directed a verdict for the defendant, and plaintiff appeals.— *Affirmed.*

*Tinley, Mitchell, Ross & Mitchell,* for appellant.

*Ferguson, Barnes & Ferguson,* for appellee.

FAVILLE, J.—The appellee is a corporation engaged in the business of conducting a store in the city of Shenandoah. The appellant is an optometrist, residing at Clarinda. On November 20, 1920, the appellant went into the store of the appellee, some time in the fore part of the day, and spoke to a lady clerk, and told her he wanted to leave his grips there for a little while; and she said, "All right." He said to the clerk, "Do you have a place where I could hang up my overcoat where it would be out of the way?" and she replied, "Yes," and took the coat and went back toward the southwest corner of the room and opened a door and hung it up. The appellant watched her as she did this. He then went out of the store, and did not return until later in the afternoon, when he entered the store, and saw the

same clerk to whom he had spoken in the morning, and the following took place, according to his testimony:

"When I went back, I saw the same lady, Mrs. Hamilton. I said to her, 'I will have my coat now.' She said, 'Well,' she says, 'you know where I put it.' She was waiting on a customer, not over fifteen feet away, and I says, 'I guess I will have my coat now.' She says, 'You know where I put it.' I says, 'Yes, I saw you hang it up in that little room back there;' and she said, 'Yes.'"

Appellant then started to go to the place where he had seen the coat put by the clerk. This was in the corner of the room, and was behind the counter, and at a place where customers in the store did not go. Appellant opened the door. This door opened on a stairway which led to a basement, the vertical distance being about ten feet. The appellant stepped through the doorway, and fell to the basement, and received the injuries of which complaint is made. There is evidence tending to show that the stairway was unlighted and was dark. Appellant also testified that, upon his return to the store at the time he received the injury, it was his intention to purchase a suit of clothes, before leaving the store. He did not make this intention known to any person connected with the store, and there is no allegation or proof in the record that the appellee sold clothing in said store.

The foregoing is the substance of the entire testimony in the case, material to the questions of law involved.

I. The case turns chiefly upon the question as to whether or not, at the time of the injury, the appellant was a licensee or an invitee, and what duty, if any, the appellee owed to the appellant, under the circumstances disclosed.

The duty which one owes to a licensee is separate and distinct from the duty which one owes an invitee. The difficulty lies in applying the general rules to the facts of any particular case. In *Wilsey v. Jewett Bros. & Co.*, 122 Iowa 315, we said:

"It may be stated as a general rule of law that the owner or occupier of real property is under no obligation to make it safe or to keep it in any particular condition for the benefit of trespassers, intruders, mere volunteers, or bare licensees, coming upon it without his invitation, express or implied. The

corollary follows that an owner or occupier who expressly or impliedly invites the public, or particular members of it, to come upon his premises, assumes the duty toward them of exercising reasonable care to the end that such premises shall not contain dangerous obstructions, pitfalls, and the like, which may result in their injury.''

If one goes upon premises without invitation, express or implied, the owner or occupant thereof is under no duty to look out for his safety; and if he be injured through the negligence of the owner or occupant while there without lawful right, or as a bare licensee, no recovery can be had. *Burner v. Higman & Skinner Co.*, 127 Iowa 580; *Flaherty ·v. Nieman*, 125 Iowa 546; *Connell v. Keokuk Elec. R. Co.*, 131 Iowa 622; *Croft v. Chicago, R. I. & P. R. Co.*, 132 Iowa 687.

As to an invitee, the rule is that one who has control of a building owes a duty to those who come upon the premises by invitation, express or implied. He violates that duty when he negligently allows conditions to exist which imperil the safety of those who so come upon the premises. *Noyes v. Des Moines Club*, 178 Iowa 815; *Upp v. Darner*, 150 Iowa 403; *Whitman v. Chicago G. W. R. Co.*, 171 Iowa 277; *McNaughton v. Illinois Cent. R. Co.*, 136 Iowa 177; *Downing v. Merchants Nat. Bank*, 192 Iowa 1250, and extensive note to said case in 20 A. L. R. 1147.

One who is on the premises of another as a customer, for the purpose of purchasing goods, is there by implied invitation, and is entitled to the care and protection due an invitee. *Burk v. Walsh & Oltrogge*, 118 Iowa 397, and cases supra. Even though a person is an invitee upon the premises of another, the duty of the owner of the premises to maintain the same in a safe condition applies only to that part of the premises that is appropriated by the owner as a place in which his business is conducted, and the necessary and proper part of said premises reasonably to be used by the invitee to gain access to the portion of the premises used for purposes of business. The invitation, express or implied, to conduct business upon the premises is an invitation to use the premises in the ordinary and usual manner in which business is conducted thereon; and it does not render the owner or occupant of the premises liable for negli-

gence where the invitee is using a portion of the premises to which the invitation has not been extended, either expressly or impliedly, and which the occupant would not reasonably expect the invitee to use in connection with the conduct of business on said premises. *McNaughton v. Illinois Cent. R. Co.*, supra; *Glaser v. Rothschild*, 106 Mo. App. 418 (80 S. W. 332); *Faris v. Hoberg*, 134 Ind. 269 (33 N. E. 1028); *Cowen v. Kirby*, 180 Mass. 504 (62 N. E. 968); *Watson v. Manitou & Pike's Peak R. Co.*, 41 Colo. 138 (92 Pac. 17); *Schmidt v. Bauer*, 80 Cal. 565 (22 Pac. 256); *MacDonough v. Woolworth Co.*, 91 N. J. L. 677 (103 Atl. 74); *Hart v. Grennell*, 122 N. Y. 371; *Bennett v. Butterfield*, 112 Mich. 96; *Rhode v. Duff*, (Neb.) 208 Fed. 115.

Applying these general rules to the facts of this case, we find from the evidence that in the forenoon the appellant entered the store building occupied by the appellee, and asked of the clerk permission to leave his grips and his overcoat. The permission was granted by the clerk, and the overcoat was taken by the clerk and placed inside a door leading from the room in which the parties then were. The appellant returned in the afternoon and stated to the clerk, "I will have my coat now." The clerk replied, "You know where I put it," to which the appellant replied, "Yes, I saw you hang it up in that little room back there," and to this remark, the clerk replied, "Yes.' Thereupon, nothing more being said or done, the appellant proceeded to the door referred to, which was located behind the counter, and not where customers having business in the store were accustomed to go; and opening the door, the appellant fell, and was injured.

Was the appellant a licensee or an invitee? The appellant testified that it was his intention to purchase a suit of clothes, after he had obtained his coat, and before he left the store. If he had such intention, he did not disclose it to the clerk or to any other person; and, as before suggested, the record is barren of any allegation or proof that the appellee dealt in clothing, or that the appellant could have procured a suit at the store. The door leading to the stairway in question was located behind the counter, in the storeroom, and at a place where customers of the store could not be expected to go in the course of transacting business in the store. There was no invitation, express

or implied, to the public generally to go to this place. It had no connection whatever with the place of entrance or exit from the store, and was not at a place where the appellee could reasonably expect a customer at the store to go. The appellant was at the store at the time of the injury for his own accommodation. He was a mere licensee in going to the store to procure his coat, and the appellee could not be liable for injury by reason of his falling down the stairway, under the circumstances disclosed, unless there were some facts and circumstances that made the appellant an invitee at the time of the accident.

II. It is contended that the appellant became an invitee by reason of the fact that he had the undisclosed intention, as testified to by him, of purchasing a suit of clothes before leaving the store, and after he had secured his coat.

As before stated, there is neither allegation nor proof that the appellee sold clothing in this store. Appellant was not in search of clothing as a prospective customer at the time he received the injury complained of. He was not in a place where customers of the store were expected to go. He was seeking his own convenience, and going for his own accommodation to secure his coat. The record is not such as to warrant a finding that, at the time of the injury, he was an invitee, or that the appellee owed him any other or further duty than that due to a licensee, at the time.

III. It is insisted, however, that the conversation of the appellant with the clerk in the store was an express invitation to the appellant to go to the place in question to get his coat, and that this conversation rendered him an invitee.

Giving to the conversation the broadest construction that could fairly be placed upon it, it was no more than a permission or license to the appellant to go to the place in question and get the coat for himself. It was not an invitation to the appellant to do anything whatever in connection with the business of the appellee. Furthermore, in this connection, there is no evidence that the lady clerk who told the appellant where she had placed the coat had any authority, express or implied, to invite the appellant to go behind the counter to the place in question.

Upon the entire record, we reach the conclusion that the lower court was right in directing a verdict in behalf of the

appellee, and the judgment appealed from is, therefore,—
*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.