MAURICE C. COLLINS, APPELLANT, v. SPRAGUE'S BENSON PHARMACY, APPELLEE.

FILED DECEMBER 9, 1932. No. 28309.

*Crofoot, Fraser, Connolly & Stryker,* for appellant.

*Kennedy, Holland & DeLacy, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and PAINE, JJ.

PAINE, J.

This is an appeal from a judgment of dismissal, rendered by the district court, based upon a directed verdict for the defendant.

The plaintiff alleged in his petition that he was 69 years of age, and weighed 220 pounds, and at 4 p. m. on March 2, 1931, while in the drug store of the defendant in Omaha, having a prescription compounded, he requested permission of the defendant's clerk to use the toilet; that the clerk told the plaintiff to come with him to the rear of the store, going behind the prescription case; and the plaintiff, in attempting to follow the clerk, stepped into the door leading to the room in which the toilet was located; that the floor of this room immediately inside the door led directly to the basement by a sharp stairway, and, in order to reach the toilet, it was necessary to step across the top step of the stairway, and plaintiff stepped directly into the stairway opening in the floor, and fell eight feet to the basement. Plaintiff charges negligence in maintaining the open space in such toilet room, which he alleges was so dark that the floor space could not be readily seen, and in failing to provide electric lights, railings, barriers, or obstructions about the floor, and in failing to warn the plaintiff of the existence of the opening in the floor and the danger of falling into the same, and in failing to advise him that he would have to step across the opening in the floor to reach the toilet.

The defendant admits that the plaintiff sustained injuries in the defendant's drug store on the date alleged, but denies that they were as serious as set forth in the petition, and alleges that such injuries were caused by and contributed to by the plaintiff's own negligence and contributory negligence, the latter being more than slight as compared with any negligence on the part of the defendant. The plaintiff's reply was a general denial.

It is admitted by the defendant that the toilet was in an awkward place; that there was no way to get to it except by stepping diagonally across the corner of the stairway opening, or by stepping down on the first step of the stairs and then stepping back to the floor level. Defendant maintains that, if the toilet had been down at the foot of the stairs, the accident could have happened in the same way; that plaintiff did not trip over any obstruction whatever, but he merely failed, in spite of warnings, to see that there were stairs leading to the basement.

It is maintained by the plaintiff that it was dark at the opening leading to the stairs, while the defendant maintains that there was plenty of light there, as there was a double window a little farther to the east, and light from another double window; that this led off from a storage room, in which there were four electric lights burning.

The defendant testified that they allow no customers to go back to this toilet unless they are accompanied; that he heard the clerk say to the plaintiff, "Step over, and look out for these stairs," and that immediately thereafter he heard his wife say, "Mr. Collins fell down stairs." The clerk who led the plaintiff back said that, when he reached this passageway, he said: "Be careful of the stairs; you have to step to the right." He also testified: "I lifted the chain up which we have there all the time. * * * Before I realized what happened he seemed to lunge forward for the stairs. I didn't have any idea that he was going to do anything like that. If

I had known that I could have grabbed one arm and held him, but I had no idea that anything like that was going to happen. * * * I was right next to him. Q. Where was the chain? A. Right across the doorway. * * * I told him to be careful of the stairs and step to the right. Q. About how high was the chain off of the floor? A. About that high (indicating). You could bump into it right across the chest here. Q. Was the door open or closed when you got there? A. It was closed. I opened it and held the chain in my hand. Q. The chain is inside the door, is it? A. Yes, sir, inside the door. Q. Just how were you standing with reference to Mr. Collins when you unhooked the chain? A. He stood right in front of me like this. I stood right behind him." The clerk insisted that it was not dark there, even when there was a storm outside.

Mrs. Sprague testified that she was working at her desk, with an electric light over the same, immediately to the right of the door leading into the toilet, there being only an 18-inch filing case between her desk and that door; that the clerk opened the door and reached over and unhooked the chain and told the plaintiff to step to the right, and that Mr. Collins did not step to the right, but stepped directly ahead down the stairs. She testified that there was plenty of light, as there were two double windows, a door with a transom over it, and four electric lights burning in the room from which the door led to the toilet and the stairway.

The case was tried to a jury, and at the conclusion of all of the testimony the defendant moved the court for an order dismissing the jury and entering judgment in defendant's favor, or for an order directing the jury to return a verdict in favor of the defendant, for the following reasons: First, that the evidence is insufficient to sustain a verdict in plaintiff's favor against the defendant; second, the evidence conclusively establishes that the accident took place on a portion of the premises not used or intended to be used by customers, and to which

no invitation arising out of the relationship of storekeeper and customer extended, for the reason that the plaintiff was a mere licensee in that portion of the premises where the accident occurred, to whom the defendant owed no duty other than not to injure him wantonly or wilfully; third, that the evidence conclusively shows that the plaintiff was guilty of more than slight negligence; fourth, that the evidence fails to establish any negligence on the part of the defendant proximately causing the accident.

It is contended on the part of the defendant that the duty of a merchant to exercise reasonable care to keep his premises safe does not extend to such parts of the building as are used for the private purposes of the owner, or to which customers are not expected to go. A customer in a store, who asks for the toilet, and who is shown by the clerk to a toilet in the rear of the premises, used by employees only, is a mere licensee, to whom the storekeeper owes no duty except to refrain from wilfully or wantonly injuring him.

1. While the question is not free from doubt, yet it is quite generally accepted as the law that the duty which a merchant owes his customers, with respect to the safety of the premises, applies particularly to that part of the premises which is appointed for the transaction of his business. *Keeran v. Spurgeon Mercantile Co.*, 194 Ia. 1240, 27 A. L. R. 579. In this case, a directed verdict was affirmed.

The law presumes that a person knows what he would have known had he made ordinary use of his senses, and that, when taken to a place by a clerk, where a door led to another room, in which there was a toilet, and a chain, stretched breast-high to bar his way, was unhooked by such clerk, he would follow the direction given by such clerk, standing beside him, "Be careful of the stairs; you have to step to the right;" and would avoid falling into an open stairway directly ahead. The law very naturally requires a person to make reasonable use of his own

faculties to observe and avoid danger. *Schmidt v. Bauer,* 80 Cal. 565, 5 L. R. A. 580; *Herzog v. Hemphill,* 7 Cal. App. 116; *Broadston v. Beddeo Clothing Co.,* 104 Neb. 604; *Knies v. Lang,* 116 Neb. 387, 57 A. L. R. 1022.

It has been held that a merchant is required to keep safe only that part of his premises to which his customers are invited, and is not responsible for unsafe condition of those parts of his premises not intended for reception of visitors or customers, and where they are not expected or invited to go. *Wall v. Woolworth Co.,* 209 Ky. 258.

2. In a very similar case, in an opinion by Judge Pound, found in *Hudson v. Church of the Holy Trinity* (250 N. Y. 513) 166 N. E. 306, a judgment was reversed, and it was held:

"One feeling her way along dark hallway in unfamiliar surroundings, without finding out where she might safely go to find toilet, * * * was guilty of contributory negligence, precluding recovery for damages by fall down cellar stairs, as matter of law.

"Religious corporation held not liable for injuries to woman, coming to its premises to pay for sewing material, by fall down cellar stairs in search of toilet, not shown to have been maintained for convenience of woman coming to premises for such purpose."

This court has defined and distinguished licensee and invitee, and held: "Where one, solely for his personal pleasure, convenience, or benefit, enters upon the premises of another with his consent, but without an invitation, express or implied, he is a *bare licensee,* and the occupier of the premises owes no duty to him save to refrain from wilfully or wantonly inflicting injury upon him." *Kruntorad v. Chicago, R. I. & P. R. Co.,* 111 Neb. 753. See *Mullen v. Sensenbrenner Mercantile Co.,* 260 S. W. (Mo.) 982, 33 A. L. R. 176, and notes; *MacDonough v. Woolworth Co.,* 91 N. J. Law, 677; *Pettyjohn & Sons v. Basham,* 126 Va. 72.

The defendant did not offer rest room facilities to customers, but provided a toilet for the use of employees

only. Ordinarily, customers who asked for such convenience were sent elsewhere. The plaintiff requested the use of a toilet, and was led back into a part of the store not open to its customers. He was a licensee by permission; and fell through a stairway, which was guarded by a chain, and which he had been warned to avoid at the instant he stepped into it.

Mere permission of an owner, allowing customers to enter and use a certain portion of his premises, is indicative of a license merely, and not of an invitation. The law does not penalize good nature, or indifference, nor does permission ripen into right.

There being no error in the record, the judgment is

AFFIRMED.