M'LISS McMULLEN, Appellant, v. M. & M. HOTEL COMPANY et al., Appellees.

No. 44813.

FEBRUARY 6, 1940.

REHEARING DENIED MAY 11, 1940.

L. D. Dennis and D. M. Elderkin, for appellant.

Carl F. Jordan, for appellees.

MILLER, J.—This is an action at law for damages because of personal injuries received by the plaintiff while on the premises of the defendant hotel company. The petition alleged that the hotel company also operated a drug store for the convenience of its guests; that the plaintiff, while a guest of the hotel, went into the drug store for the purpose of making a purchase, and, while waiting to be waited upon, asked permission of the manager of the drug store to use the telephone, which was there located and kept for the use and convenience of customers of the store and guests of the hotel; that the manager advised plaintiff she could use the telephone and pointed it out to her; that it was located adjacent to and partially behind the prescription case, could not be used except by passing partially behind the case and pushing to one side a small swinging door about 3 or 4 feet in height; that, at the time the consent was given and plaintiff was invited and directed to use the telephone, there existed a dangerous, hazardous, obscure and hidden opening in the floor immediately in front of the telephone and adjacent thereto made by the lifting of a trap door, which led from the floor of the drug store proper to the basement below, concerning which dangerous opening the manager had full knowledge, or should have had such knowledge through exercise of ordinary care; that the dangerous opening was hidden from the plaintiff's view and plaintiff had no knowledge of the same; that plaintiff, while exercising due care and caution, and while attempting to use the telephone with the express consent of the manager of the store, and upon his invitation and direction, without being apprised by him of the dangerous and hazardous conditions, and with no knowledge of such, stepped into the open pit, fell to the basement below and was injured on account thereof.

Plaintiff alleged that the defendant was negligent (1) in directing, inviting and permitting her to use the telephone in

front of a dangerous opening in the floor well knowing she could not possibly use the telephone without stepping into the pit; (2) in directing, inviting and permitting her to use the telephone located as aforesaid without giving any warning of the hazards and dangers surrounding it; (3) in creating and maintaining a dangerous and hazardous condition and permitting it to exist at a place where guests of the hotel and customers of the drug store, and the public generally, were permitted to use the telephone, well knowing that it could not be used without exposing one to the hazards and dangers of falling into a hidden opening.

The defendants' answer was a general denial.

The testimony showed that the plaintiff and her husband were guests at the Hotel Montrose, operated by the defendant; that, in connection with the operation of such hotel, the defendant also operated a drug store and distributed in the rooms of the guests placards which constituted an invitation to use the drug store for the purchasing of drugs, toiletries, candies, luncheons, sandwiches, perfumes, novelties, etc. On the evening of the accident, the plaintiff and her husband were seated in the lobby of the hotel visiting with one Dr. Harmon, a dentist. Plaintiff was desirous of using the telephone and getting something to eat. She knew that the hotel maintained public telephones in the lobby and knew where they were located. She learned from Dr. Harmon that she could use a telephone in the drug store, that was not a pay telephone. She testified that she entered the drug store alone for the purpose of getting something to eat and using the telephone. Upon entering the drug store, she found that the place was busy and "passed up" getting anything to eat. She looked for Mr. Wolf, the manager of the drug store, to inquire about the telephone. Failing to see him, she started back toward the lobby and gave up the idea of using the telephone for the moment. As she was walking out of the drug store, she saw Mr. Wolf seated at one of the tables with a couple of ladies. He said to her, "What can I do for you, Mrs. Mac?" She asked if she could use the telephone. He said, "Certainly, right over there," and pointed to the telephone. In attempting to use the telephone, the plaintiff fell into an open stairway and was injured.

There were introduced in evidence, and certified to this court, photographs showing the location of the telephone in

question. In a corner of the drug store is a partition which forms a small, approximately square, prescription room. The entrance to the prescription room is open, except for a swinging door, extending approximately 3 feet up from the floor. As one approaches this entrance, the telephone in question is located at the left side of the swinging door and inside the prescription room, but accessible through the opening above the swinging door. Plaintiff testified that she approached the telephone, reached for it, but being short of stature, 5 feet 1 inch in height, and having short arms, she could not reach the telephone without entering partially the prescription room. She pressed her knee against the swinging door in attempting to reach the telephone. It opened. She fell forward and down the steps to the basement.

The evidence showed that there was a trap door over the steps to the basement, which constituted the floor of the prescription room. When the trap door was open, the prescription room could not be used. The trap door extended to within a few inches of the swinging door and was open at the time the plaintiff fell. She testified that she did not see the opening. Her reasons for not seeing it are asserted, (1) that it was hidden by the swinging door and (2) that she was looking at the telephone. The drug store appears to have been well lighted and there is no evidence justifying any conclusion that the prescription room was dark at the time. The photographs, introduced in evidence, demonstrate that it must have been lighted from the lights of the drug store, if from no other source. There was also evidence that guests of the hotel, customers of the drug store, and the public generally, had been permitted to use the telephone when permission was asked, and that often the telephone was used without asking permission. One of plaintiff's witnesses testified that, in using the telephone without permission, he acted as an interloper.

At the close of the testimony, the defendant made a motion for a directed verdict, on the following grounds: (1) that plaintiff failed to sustain the allegations of her petition and, if a verdict were returned in her behalf, it would be the duty of the court to set it aside for lack of sufficient evidence to sustain it, (2) that the undisputed evidence showed that the plaintiff was a mere licensee toward whom the defendant owed no

duty, except to refrain from wantonly or intentionally in- juring her, and that there was no evidence of such an injury, (3) there was no evidence to disclose who opened the trap door, nor how long it was open, and no showing that defendant had any knowledge of the dangerous condition existing at the time of the injury, (4) that the plaintiff entered the prescription room, which was not a part of the drug store into which cus- tomers were invited, for a purpose of her own to use the tele- phone and save the cost of using the public telephone and, while plaintiff was so acting, defendant owed her no duty except to refrain from wantonly or maliciously injuring her, (5) that the situation, at the place where the gate or barrier separ- ated the prescription room from the drug store, was open and observable to anybody who would look, was not concealed, if plaintiff had looked, she could not help seeing the open cellar- way and steps, she did not look and was guilty of contributory negligence as a matter of law.

The motion for directed verdict was sustained generally. Plaintiff appeals from such ruling.

The first question presented to us for determination is the status of the plaintiff at the time of her injury. She contends that she was an invitee, whereas defendant contends that she was a mere licensee. In defining these two terms and the duties owed to those coming within the contemplation of such terms, this court states in the case of Printy v. Reimbold, 200 Iowa 541, 546, 202 N. W. 122, 205 N. W. 211, 41 A. L. R. 1423, as follows:

"It is the universal rule that persons entering voluntarily upon the premises of another, out of idle curiosity or for their own pleasure or advantage, take the same as they find them, and the owner or occupier thereof is bound only to avoid wanton or willful injury to them; but, if the purpose of going upon the premises is the common interest, or for the mutual advan- tage of the parties, an implied invitation, which makes it the duty of the owner or occupier to maintain the same in a reason- ably safe condition, may be inferred. Keeran v. Spurgeon Merc. Co., 194 Iowa 1240[191 N. W. 99, 27 A. L. R. 579]; Davis v. Malvern L. & P. Co., 186 Iowa 884 [173 N. W. 262]; Noyes v. Des Moines Club, 178 Iowa 815 [160 N. W. 215]; St. Louis & S. F. R. Co. v. Stacy, 77 Okla. 165 (171 Pac. 870); Spain v.

St. Louis & S. F. R. Co. (Mo. App.), 190 S. W. 358; Southern
R. Co. v. Bates, 194 Ala. 78 [69 So. 131] (L. R. A. 1916A 510);
Glaser v. Rothschild, 221 Mo. 180 (120 S. W. 1); Turess v. New
York S. & W. R. Co., 61 N. J. [L.] 314 (40 Atl. 614); Lawrence
v. Kaul Lbr. Co., 171 Ala. 300 (55 So. 111); Plummer v. Dill,
156 Mass. 426 (31 N. E. 128) [32 Am. St. Rep. 463]; Mandeville
Mills v. Dale, 2 Ga. App. 607 (58 S. E. 1060); Foster Lbr. Co.
v. Rodgers (Tex. Civ. App.), 184 S. W. 761."

The foregoing pronouncement was followed by this court
in the case of Wilson v. Goodrich, 218 Iowa 462, 252 N. W. 142,
wherein a doctor had gone upon the premises of an employer
to secure some blanks to send to an insurance company in ref-
erence to certain employees that had engaged him as their attend-
ing physician. He secured the blanks and then inquired if the
men were working. Upon being told that they were, he under-
took to look them up and while so engaged was injured by falling
down an open elevator shaft. The trial court directed a verdict
for the defendant, and on appeal the judgment was affirmed. At
page 467, of 218 Iowa, 252 N. W. at page 144, this court states
as follows:

"An invitee to a place of business is one who goes there,
either at the express or implied invitation of the owner or occu-
pant, on business of mutual interest to both, or in connection
with the business of the owner; while a licensee is one who goes
on the property of another, either by express invitation, or with
implied acquiescence, solely in pursuit or furtherance of busi-
ness, pleasure, or convenience of the licensee."

Again, at page 468, we state:

"The plaintiff was injured at a place in the building where
he was neither invited nor expected to be. He was a mere
licensee and not entitled to protection as an invitee. Even if
plaintiff was an invitee, the duty to him would not extend so
far as to make the defendant liable for unsafe conditions exist-
ing on his premises in a place not intended for the reception
of visitors or customers and where they were not expected or
invited to go. Nelson v. Woolworth & Co., 211 Iowa 592, 231
N. W. 665. If the invitee goes for purposes of his own to some
part of the premises other than which he was invited, he be-
comes a mere licensee. Peebles v. Company (C. C. A.) [6 Cir.]

15 F. (2d) 335; Bennett v. Butterfield, 112 Mich. 96, 70 N. W. 410. When an invitee steps beyond the limits of his invitation he becomes a mere licensee and must take the premises he then enters as he finds it. Menteer v. Company, 240 Mo. 177, 144 S. W. 833; Corbett v. Spanos, 37 Cal. App. 200, 173 P. 769; Ryerson v. Bathgate, 67 N. J. Law 337, 51 A. 708, 57 L. R. A. 307; Schmidt v. Hurd, 170 Minn. 322, 212 N. W. 903; Nelson v. Woolworth, supra; Wilmes v. R. Co., 175 Iowa 101, 156 N. W. 877, L. R. A. 1917F 1024; Knote v. City of Des Moines, 204 Iowa 948, 216 N. W. 52.''

The two cases above-quoted from cite with approval and follow the holding of this court in the case of Keeran v. Spurgeon Merc. Co., 194 Iowa 1240, 191 N. W. 99, 27 A. L. R. 579. In that case, this court reviews at length the rules of law relative to the duty owed an invitee and a mere licensee, and the authorities which sustain such rules. After such a review of the authorities, this court states, 194 Iowa at page 1243, 191 N. W. at page 100, as follows:

''Applying these general rules to the facts of this case, we find from the evidence that in the forenoon the appellant entered the store building occupied by the appellee, and asked of the clerk permission to leave his grips and his overcoat. The permission was granted by the clerk, and the overcoat was taken by the clerk and placed inside a door leading from the room in which the parties then were. The appellant returned in the afternoon and stated to the clerk, 'I will have my coat now.' The clerk replied, 'You know where I put it,' to which the appellant replied, 'Yes, I saw you hang it up in that little room back there,' and to this remark, the clerk replied, 'Yes.' Thereupon, nothing more being said or done, the appellant proceeded to the door referred to, which was located behind the counter, and not where customers having business in the store were accustomed to go; and opening the door, the appellant fell, and was injured. * * *

''The door leading to the stairway in question was located behind the counter, in the storeroom, and at a place where customers of the store could not be expected to go in the course of transacting business in the store. There was no invitation, express or implied, to the public generally to go to this place. It had no connection whatever with the place of entrance or

exit from the store, and was not at a place where the appellee could reasonably expect a customer at the store to go. The appellant was at the store at the time of the injury for his own accommodation. He was a mere licensee in going to the store to procure his coat, and the appellee could not be liable for injury by reason of his falling down the stairway, under the circumstances disclosed, unless there were some facts and circumstances that made the appellant an invitee at the time of the accident.''

We have carefully examined the various authorities cited to us by counsel and have made an independent investigation of the decisions as well. We are satisfied that the rules of law, announced by us in the foregoing quotations, are definitely established by the decisions of this court. Applying such rules to the record herein, we are satisfied that, under the undisputed record, the plaintiff was a mere licensee at the time of her injury, took the premises as she found them, and cannot recover from the defendant hotel company unless her injury was the result of willful or wanton misconduct on the part of the defendant.

When plaintiff entered the drug store, she had the intention of getting something to eat and using the telephone. Finding the place busy, she ''passed up'' getting something to eat. Failing to find the manager, she also gave up the idea of using the telephone for the moment. When the manager inquired of her what he could do for her, she merely asked to use the telephone. The telephone was located in a part of the premises to which the public was not invited. Plaintiff relies upon the fact that there was no sign on the swinging door, ''Private— Keep Out''. Such a sign was not necessary under the record herein. It was obvious to even a casual observer that the prescription room was a private room and not one into which the public was invited. It was also obvious that the telephone she undertook to use was not a public telephone. The fact that she asked for permission to use it definitely shows that she realized she was undertaking to use a private telephone. In undertaking to step into the prescription room, she stepped beyond the limits of any invitation extended to her as a possible customer of the store, and became a mere licensee. She was, therefore, required to show that her injury was the result of

willful or wanton misconduct on the part of the defendant, as a condition precedent to her right to recover damages because of such injury.

Plaintiff contends that, even considering that she was a mere licensee, nevertheless, she sustained the burden of proof thus cast upon her. Her counsel argue that the manager of the store knew, when he gave her permission to use the telephone, that the trap door was located beyond and immediately adjacent to the swinging door right under the telephone, knew that if the trap door was lifted, plaintiff, because of her short stature, could not use the telephone without being exposed to the danger of falling into the opening, knew that the trap door was concealed by the swinging door, knew that plaintiff could not use the telephone without falling directly into the opening, and, with full knowledge of all of the facts, failed to give plaintiff any warning whatsoever, but directed her into a hidden, unguarded and dangerous opening. The difficulty with plaintiff's argument lies in the fact that there is no evidence that the manager knew that the trap door was open at the time he gave permission to the plaintiff to use the telephone. He was seated at a table with his back to the prescription room. If the situation was concealed from plaintiff, it was even more concealed from the manager of the store. There is no evidence showing who opened the trap door, when it was opened or how long it had been open before the injury occurred. There is no evidence that the manager knew that it was open at the time. Plaintiff seeks to overcome this difficulty by contending that the manager, as a reasonably careful and prudent man, should have known, under all the circumstances, that the door was open. Such contention is without merit. To adopt it would be to disregard the rule as to a mere licensee, and permit recovery on the basis of ordinary negligence. Under our decisions above reviewed, such is not the law. Recovery by a licensee must be based upon wanton or willful misconduct on the part of the party to be charged. The evidence failed to sustain plaintiff's contention that the defendant hotel company was guilty of any such misconduct.

The trial court was warranted in sustaining the motion for directed verdict on the first four grounds thereof. Ground 5 questioned the sufficiency of the evidence to establish plaintiff's

1070

freedom from contributory negligence. In view of our holding on the first four grounds of the motion, it is unnecessary for us to discuss or decide the questions presented by the fifth ground.

The judgment appealed from is right. It is affirmed.— Affirmed.

HAMILTON, C. J., and BLISS, SAGER, HALE, and STIGER, JJ., concur.

RICHARDS, OLIVER, and MITCHELL, JJ., dissent.

RICHARDS, J. (dissenting)—The prescription room was admittedly a part of defendant's drug store. But the majority states that "It was obvious to even a casual observer that the prescription room was a private room and not one into which the public was invited." This statement is too broad. It should have been limited by inserting some such words as "by implication" before the word "invited." It appears to the dissenter that the majority has fallen into an error, in that they adopt the statement without any limitations. Seemingly they view the statement as if the words "by implication *or expressly*" appeared before the word "invited." For their broad holding, based on the statement, is that plaintiff was not invited into any part of the prescription room. This holding is all inclusive. It adjudicates that plaintiff was neither impliedly *nor expressly* invited into any part of the prescription room. And the majority holds this as a matter of law, although the question was before the court whether plaintiff, in the same manner as other customers, was expressly invited to use a part of the prescription room, and although there was an abundance of affirming evidence on that issue. Upon the record it was a jury question whether, in furtherance of its own business purposes, one of the accommodations defendant actively and expressly afforded its customers was the use of its telephone. The invitation to use the phone was necessarily an invitation to go and be where it was. So far as the phone was located in the prescription room it was an invitation into that room. To that extent the prescription room took on an added characteristic—a place for use of one of the accommodations afforded defendant's invitees. To plaintiff the place where the phone could be used defendant's manager pointed out. Plaintiff did

not enter the prescription room to any greater extent than she was invited to do as a customer of the store. Admittedly she was an invitee when, standing on one side of the swinging door, she reached within the prescription room for the telephone. If on account of her short stature she pressed against the swinging door and fell into the opening 3 inches from the door it was purely an incident to plaintiff's being where she had been invited. And at no time was plaintiff within the definition of a trespasser because the using of the phone was accomplishing the purposes of the storekeeper as well as her own. Seemingly it does not appear, as a matter of law, that plaintiff lost her status of invitee and became a trespasser while, as an invitee, she was reaching for the phone. I would hold the court erred in sustaining defendant's motion for a directed verdict.

OLIVER and MITCHELL, JJ., join in this dissent.