[Civ. No. 11610. First Dist., Div. Two.—June 19, 1941.]

ANTONIO COLOMBO et al., Respondents, v. JOSEPH M. AXELRAD, Appellant.

440

Victor Hyatt and S. Norman Hays for Appellant.

Ernest I. Spiegl for Respondents.

NOURSE, P. J.—On the afternoon of April 25, 1939, at about 2 o'clock plaintiff, Emelia Colombo, and her daughter-in-law were taken by Mr. Moise to defendant's furniture store for the purpose of selecting and purchasing linoleum for plaintiffs' son; this plaintiff testified that she intended to buy the linoleum as a gift for the junior Colombos. Moise was an independent salesman who worked for various furniture stores on a commission and who had an arrangement with defendant to bring customers to the latter's store, to display its merchandise and to make sales on a commission basis. The premises were illuminated by six ceiling lights suspended to a point nine feet six inches above the main floor level. At the rear or east end of the store was a stairwell running north and south and open on the south end giving access to the basement. The stairs were protected on the west side by a railing two feet nine inches in height, and on this same side were arranged rolls of linoleum one foot in diameter and six feet high and placed in two rows three feet

apart parallel with the stairway. The north end of the stairwell was also protected by a railing which was obscured by a rug display. On the east side of the stairwell was a ledge between the stairs and the rear wall of the store upon which bookcases were displayed. At the time of the accident the light over the stairway and the lights in the basement were not lit, and there is a conflict of testimony as to whether the southeast light of the store which was fifteen feet four inches west of the center of the stairwell was lit. Plaintiff, accompanied by Moise, approached the linoleum display from the front of the store and inspected the nearest roll of linoleum from the westerly side. She walked sideways in a southerly direction and the condition of the lighting was such that she had to look at the merchandise at a distance of from twelve to fifteen inches in order to see the patterns. Upon reaching the end of the row she walked around it and approached the easterly row of linoleum. As she started to walk around the southerly part of the second row to get to the east side she took a step north and was precipitated to the basement causing her injuries. The court entered a judgment upon the verdict awarding plaintiffs damages and defendant appeals.

Appellant states two grounds of appeal—whether Emelia Colombo was guilty of contributory negligence as a matter of law, and whether she was not a mere licensee. Both questions must be answered in the negative.

The question of contributory negligence was one that was properly left to the jury. Appellant's theory is that Mrs. Colombo failed to look where she was walking and that she voluntarily walked into darkness in unfamiliar surroundings. Both of these are matters of fact upon which the evidence was conflicting. She went to the premises upon invitation to examine the merchandise displayed there. She had no reason to assume that the premises were not maintained in a safe condition for that purpose. She had no warning of the danger which admittedly was known to the owner and his agent. Because of the darkness she was required to look more directly and closely at the merchandise.

The liability of the appellant rests upon the well known rule stated in 20 R. C. L., pages 56 and 57, as follows: "The law is well settled that an owner or occupant of land who by invitation, express or implied, induces or leads others

442

to go upon premises for any lawful purpose is liable for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them. . . . The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.'' Cases following the text are cited in *Harris* v. *Smith*, 44 Cal. App. (2d) 694 [112 Pac. (2d) 907].

It is true that this liability may not attach if the danger is obvious or if the invitee is guilty of contributory negligence. ▆ But this defense may not be treated as established as a matter of law unless the appellate court ''is impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury.'' (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335, 343 [208 Pac. 125].)

▆ Mrs. Colombo was an invitee and not a mere licensee. A clear definition of these respective relations is found in *Strong* v. *Chronicle Pub. Co.*, 34 Cal. App. (2d) 335, 339 [93 Pac. (2d) 649], as follows: ''An invitee is one who enters upon the property of another person by either expressed or implied authority as when a customer enters a grocery store to purchase provisions. A licensee is a person whose presence is not invited but merely tolerated. (*Latham* v. *R. Johnson & Nephew*, 1 K. B. (Eng.) 398; 36 A. L. R. 37, note.) An invitation will be implied when one visits the premises of another for a purpose which is of mutual benefit to both parties and not as the mere caprice or for the sole pleasure of the visitor.'' ▆ The undisputed evidence is that appellant's agent called for her and her daughter-in-law and took them to appellant's premises to show them linoleum and rugs which Mrs. Colombo proposed to purchase for her son. The two women were both treated as customers and hence the trial court properly instructed the jury that Mrs. Colombo was an invitee if she entered the premises for the purpose of purchasing or because she was assisting her daughter-in-law in the purchase of merchandise. There is no evidence which

would have supported appellant's contention that Mrs. Colombo was a mere licensee.

The judgment is affirmed.

Sturtevant. J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 7, 1941.