[Civ. No. 13823.   First Dist., Div. Two.   Apr. 5, 1949.]

JAMES T. SHERIDAN, Appellant, v. AXEL RAVN, Respondent.

Edward M. Fellows, Melvin, Faulkner, Sheehan & Wiseman and A. J. Zirpoli for Appellant.

Campbell, Hayes & Custer and Edward J. Niland for Respondent.

NOURSE, P. J.—Plaintiff entered the creamery and lunch counter of defendant, ordered a sandwich, and then went behind the counter and into the kitchen in back where he asked of the defendant and was given permission to use the employees' washroom. This room was located at the extreme rear of the building and defendant testified that it was not open to use by the general public. It was located at the end of a darkened hall which led off the kitchen which was shut off by a counter from the portion of the premises open to use of the patrons. As plaintiff walked through the hallway he

was struck by an electric fan which had been placed on the floor and was then operating for what purpose the evidence does not show since it was a cold rainy day in the month of December.

The cause was tried with a jury which gave its verdict for defendant. The appeal is founded on a criticism of instructions given and refused.

■ The pivotal question before the jury was whether, at the time of the accident, appellant was an invitee or a licensee in the portion of the building where the accident occurred. The trial court instructed the jury:

''An invitee is one who goes on the premises of another at the other's invitation, either express or implied, and whose presence there is in their mutual interests. If you go into a store as a patron you are an invitee, presumably the storekeeper invited you there to patronize him.

''A person who goes onto the premises of another on his own affair and for his own benefit and his own convenience, without any invitation of the proprietor, even though the proprietor may consent to his coming on the premises, if it is solely for his own benefit and his own convenience, then he is not an invitee but a licensee.

''The reason I am explaining this to you is because if a person is an invitee on the premises, then the proprietor owes to his guest, the invitee, the duty of reasonable and ordinary care to protect him from injury. Whereas, if he is only a licensee, then the proprietor owes him no duty except to refrain from doing him a willful injury, and in this case there is no evidence of anything that would even hint at a willful injury, so it follows that if the Plaintiff at the time of this injury was there where he was as a licensee, that is on his own affair, for his own convenience, then the Plaintiff could not recover because there would be no duty owed by the proprietor to him. On the other hand, if the Plaintiff were there as an invitee, then the Defendant would owe him a duty to have the premises reasonably safe for the purposes for which he was invited there. Now, a person may be an invitee in part of the premises, and a mere licensee in others. For instance, to illustrate, a restaurant or a lunch room has a place for the public to come in, has a counter at which they may sit, a place where they may give their order, or pay their bills as the case may be, or any other part of the premises to which the public is invited, either directly or by implication, or because of the position or character of the place, but if a

person went behind the counter, for instance, he would cease being an invitee. That is not where he belongs; he would then be a licensee, even though the proprietor said, 'You may come back of the counter and see how I slice the bacon,' or whatever is going on. It would be a matter in which the proprietor wouldn't have any interest, merely for the accommodation of the customer. In that case the proprietor would owe him no duty, and if he were injured it would be too bad, physically he would have no cause of action.

"In this case the question as to whether the Plaintiff, when he went down this passage in back there toward this washroom, whatever it was, whether he was an invitee or a licensee, I am submitting to the jury as a matter of fact, and I am leaving that for you to determine from all of the circumstances and conditions as disclosed by the evidence and the testimony given by the witnesses. You have also some photographs here which you can examine. You will examine the photographs and consider whether or not from the appearance of the thing is it a place that would ordinarily be expected to have the public go, and is it a place where, under all of the circumstances and testimony introduced, the public had been invited either directly or by implication. A consent of the proprietor to a person going into a place not generally for the use of the public does not create that person an invitee at all or with the consent of the proprietor."

This was a correct statement of the law and appellant cites no authority and offers no argument other than the mere statement that it is "erroneous, inadequate and prejudicial." The instructions follow the rules of law found in *Demmer* v. *City of Eureka,* 78 Cal.App.2d 708, 711, 712 [178 P.2d 472], where numerous cases are cited. (And see 19 Cal.Jur. 616.)

Under these instructions the trial court left to the jury the determination of the question of fact whether, at the particular portion of the premises where the injury occurred, the appellant was an invitee or a mere licensee. That a patron may become a licensee by leaving that portion of the premises to which he has been invited is conceded by all the authorities. *Demmer* v. *City of Eureka* (*supra* and cases there cited). Here the evidence is that the washroom was not a part of the premises to which the public was generally invited—it was maintained primarily for the use and benefit of the employees.

Parallel cases are found in this and other jurisdictions all concurring in the rule announced in *Schmidt* v. *Bauer,* 80 Cal.

565, 567 [22 P. 256, 5 L.R.A. 580], where the court held that the standard of care of an innkeeper toward his patrons "only applies to such parts of the building as are a part of or used to gain access to, or constitute a passage-way to and from the business portion of the building, and not to such parts of the building as are used for the private purposes of the owner, unless the party injured has been induced by the invitation or allurement of the owner, express or implied, to enter therein." This rule, on similar facts, is found in *Corbett* v. *Spanos,* 37 Cal.App. 200 [173 P. 769] ; *Herzog* v. *Hemphill,* 7 Cal.App. 116 [93 P. 899] ; *McMullen* v. *M. & M. Hotel Co.,* 227 Iowa 1061 [290 N.W. 3] ; *McNamara* v. *MacLean,* 302 Mass. 428 [19 N.E.2d 544] ; *Collins* v. *Sprague's Benson Pharmacy,* 124 Neb. 210 [245 N.W. 602] ; *Hudson* v. *Church of Holy Trinity,* 250 N.Y. 513 [166 N.E. 306] ; *Napier* v. *First Congregational Church,* 157 Ore. 110 [70 P.2d 43] ; *Lewis* v. *Lerman Bros.,* 277 Ky. 334 [126 S.W.2d 461] ; *Garthe* v. *Ruppert,* 264 N.Y. 290 [190 N.E. 643].

Here the jury could find that this particular washroom was not maintained for the benefit of the customers of the restaurant and was not a portion of the premises to which the customers generally were invited; that it was maintained solely for the benefit of the employees and could not be used by a customer without special permission, and could not then be used unless one departed from the public portion of the premises and passed through a private hallway which was kept for the exclusive use of the employees. The reason for the distinction of the status of the customer under these circumstances is found in *Collins* v. *Sprague's Benson Pharmacy* (*supra*) where the court said (p. 605 [245 N.W.]) : "Mere permission of an owner, allowing customers to enter and use a certain portion of his premises, ·is indicative of a license merely, and not of an invitation. The law does not penalize good nature, or indifference, nor does permission ripen into right."

However the evidence would support a finding by the jury that appellant was an invitee. The evidence shows that respondent had only the one washroom on the premises, that appellant over a period of 10 years had used the washroom many times with respondent's permission, and when respondent was asked if the washroom was not there for other customers to use if they wanted to he answered cryptically: "Usually ask." The jury might from this have inferred that it was respondent's common practice to allow his patrons the

use of this washroom and whether or not there was an implied invitation for them to do so would be a jury question. (*Stewart* v. *Lido Cafe,* 13 Cal.App.2d 46, 50-52 [56 P.2d 553] ; *Johnston* v. *De La Guerra Properties, Inc.,* 28 Cal.2d 394 [170 P.2d 5] ; *Gastine* v. *Ewing,* 65 Cal.App.2d 131 [150 P.2d 266].)

Though the jury was properly instructed on the invitee-licensee status of appellant and may have rendered its verdict on that issue alone, we cannot overlook the error in the instruction on the issue of contributory negligence. This instruction reads: ''The Plaintiff must not only prove he was injured through negligence of the Defendant, but it must also appear from the consideration of the entire case that there was no negligence of any kind or any degree on the Plaintiff's part which contributed proximately to the accident of Plaintiff.'' The instruction is the same as that condemned in *Rush* v. *Lagomarsino,* 196 Cal. 308-314 [237 P. 1066], as indicating to the jury that the burden of proof was on a plaintiff to show he was not guilty of contributory negligence. Unless the reviewing court can say that the plaintiff was guilty of contributory negligence as matter of law such an instruction calls for a reversal. In *Rush* v. *Lagomarsino* the question of contributory negligence was tried extensively and the evidence was in conflict. Respondent here argues that appellant's admissions of frequent visits to the hallway and full knowledge of the circumstances discloses contributory negligence as matter of law, but we must hold that that was a question for the jury.

Judgment reversed.

Goodell, J., and Dooling, J., concurred.