[Civ. No. 8474.   Third Dist.   Jan. 10, 1955.]

GRACE A. LAIDLAW, Appellant, v. LOUISE PEROZZI, Respondent.

*Assigned by Chairman of Judicial Council.

Hugh B. Collins, Barr & Hammond and J. Everett Barr for Appellant.

Tebbe & Correia and Joseph P. Correia for Respondent.

FINLEY, J. pro tem.*—In this action appellant seeks damages from respondent for personal injuries sustained by appellant when by mistake she opened and stepped through a door leading from respondent's kitchen to a basement stairway and fell down the stairway. The trial court granted respondent's motion for a nonsuit and entered judgment thereon, specifically basing its judgment on the ground that appellant by her own proof had established that she was guilty of contributory negligence as a matter of law. The only question involved is whether the trial court erred in so holding or whether under the circumstances as disclosed by the evidence the question of contributory negligence was one of fact which should have been left to the jury for determination.

Appellant and respondent had known each other for many years, but appellant had been inside respondent's house on only a few occasions. Each had social obligations to fulfill and it was agreed between them that as cohostesses they would give a luncheon party at respondent's house to which they would invite their respective friends. Respondent admits that according to her understanding they were to divide the cost. Respondent is crippled and has difficulty in walking. It was a part of appellant's obligation as cohostess to

*Assigned by Chairman of Judicial Council.

assist in respondent's kitchen in preparing the refreshments. In the kitchen there are three doorways, two of which are side by side, perhaps a foot and a half or two feet apart, and similar in appearance, although one is somewhat smaller than the other. The larger of the two side by side doors opens outward from the kitchen into a hallway which leads to the front door. The smaller door which is to the left of the larger door as one faces them from the kitchen also opens outward but onto a steep basement stairway with no landing at the top, but which drops abruptly from the threshold of the door to the first step of the stairway. On this door there is, in addition to the customary knob and spring catch, a common type of sliding bolt which at the time that appellant opened the door and fell down the stairway was not engaged so as to lock the door. The evidence shows that shortly before appellant's fall respondent drew this bolt, opened the door and cast some laundry through it either onto the stairway or down into the basement, leaving the bolt unengaged when the door was closed.

At the time of the accident not all of the guests had arrived. While appellant was working in the kitchen there was an alarm at the front door which appellant sought to answer, but by mistake, instead of opening the kitchen door into the hallway leading to the front door, she opened the door leading to the stairway and basement, stepped through it and fell down the stairway, thus sustaining her injuries.

Counsel in their briefs discuss at some length the question whether appellant was an invitee or merely a licensee on respondent's premises, the established rule being that a higher degree of care is owed to an invitee than to a mere licensee. The distinction between "invitation" and "license" to go on another's premises is that the former is inferred where there is a common interest or mutual advantage and the latter where the object is the mere pleasure or benefit of the licensee. (*Sills* v. *Forbes*, 33 Cal.App.2d 219 [91 P.2d 246]; *Fraters* v. *Keeling*, 20 Cal.App.2d 490 [67 P.2d 118].) A licensee is a person whose presence is not invited but merely tolerated. (*Strong* v. *Chronicle Pub. Co.*, 34 Cal.App.2d 335 [93 P.2d 649]; *Colombo* v. *Axelrad*, 45 Cal.App.2d 439 [114 P.2d 425].)

It is the general rule that the owner of premises is under no obligation to keep his premises in a safe condition for trespassers or licensees. Such persons enter at their own

risk, and the only duty imposed upon the proprietor is to abstain from wilful or wanton injury. (*Sheridan* v. *Ravn,* 91 Cal.App.2d 112 [204 P.2d 644] ; *Fraters* v. *Keeling, supra.*) ■ Where, however, a licensor is aware of a licensee's presence, the licensor is charged with the duty of exercising reasonable care to avoid injuring the licensee by any active or overt act of negligence. (*Hamakawa* v. *Crescent Wharf & Warehouse Co.,* 4 Cal.2d 499 [50 P.2d 803].) ■ In case of an invitee on the other hand, not only must an owner of land or a proprietor of premises abstain from wilful or wanton injury, but he owes such person the duty of maintaining his property in a reasonably safe condition, and of exercising reasonable care in protecting the invitee from injury. (*Chafor* v. *City of Long Beach,* 174 Cal. 478 [163 P. 670, Ann.Cas. 1918D 106, L.R.A. 1917E 685].) ■ He has a duty not to expose an invitee on the premises to dangers known to him without giving adequate warning thereof to the invitee. (*Shanley* v. *American Olive Co.,* 185 Cal. 552 [197 P. 793] ; *Sheyer* v. *Lowell,* 134 Cal. 357 [66 P. 307] ; *Gastine* v. *Ewing,* 65 Cal.App.2d 131 [150 P.2d 266].) This applies to dangers that are obvious as well as those which might well go unnoticed. (*Vitrano* v. *Westgate Sea Products Co.,* 34 Cal.App.2d 462 [93 P.2d 832] ; *Jones* v. *Bridges,* 38 Cal.App.2d 341 [101 P.2d 91] ; *Dingman* v. *A. F. Mattock Co.,* 15 Cal.2d 622 [104 P.2d 26] ; *Royal Ins. Co.* v. *Mazzei,* 50 Cal.App.2d 549 [123 P.2d 586].)

Even though appellant here be considered a mere licensee it was incumbent upon respondent to commit no overt act to increase the hazards of the premises to appellant while she was there and using that portion of the premises within the reasonable contemplation of the parties. Here appellant was in and using respondent's kitchen by prearrangement between the parties. Respondent entered the kitchen while appellant was there engaged in the duties contemplated by the parties in their agreement to act as cohostesses, and while appellant was so engaged respondent drew and left drawn the bolt in the cellar door, which door respondent admitted constituted a hazard by reason of its position and the construction of the stairway over which it opened. The very bolt which respondent had caused to be placed on the door as a safety measure respondent actively rendered ineffective during appellant's presence in and while she was using the kitchen. Thus it was respondent's affirmative act which, if not the sole proximate cause, at least proximately contributed

to the happening of the accident and, in the absence of contributory negligence on the part of appellant, would render respondent liable for resultant injuries or damage to her whether appellant's status be that of licensee or invitee.

In appellant's opening brief it is stated that: "The trial court, believing he was following an intermediate appellate decision, *Standard Oil Co. of Indiana* v. *Henninger,* 100 Ind. App. 674 [196 N.E. 706], and electing to do so because he knew of no Oregon or California cases in point held it negligence as a matter of law to open the wrong door." This statement is borne out by the trial judge's discussion of respondent's motion for a nonsuit, which discussion appears in the reporter's transcript. *Standard Oil Co. of Indiana* v. *Henninger, supra,* is, however, only persuasive authority. Factually, it differs from the present case in material particulars and we do not consider that the principles there discussed and announced are controlling here. In that case the plaintiff Henninger drove into defendant's filling station merely for the purpose of securing a road map and for the purpose of using defendant's washroom facilities, but not for the purpose of purchasing any of defendant's products. He secured a map and asked permission to use the washroom which permission was granted by the attendant. Thereupon plaintiff Henninger opened *a door* which he apparently thought led to the washroom and, without looking or investigating to make certain, stepped through it and fell down a stairway into the basement. The court pointed out that he had never been in the station before; that the door was closed and that respondent was not bound to anticipate that people coming as strangers upon the premises would assume that every door leading from the main part of the station led to a washroom or that persons with ordinary use of their senses would precipitately open doors and enter through without thought as to where they led. Obviously this is sound reasoning, for no person exercising ordinary care for his own safety would in reason be entitled when upon strange premises to assume that in exploring the same he could open just any door he saw and safely pass through it without using his senses to ascertain what lay beyond. Plaintiff Henninger saw nothing to indicate that the door he opened led to the washroom. The opening was purely an exploratory venture on his part regardless of his purpose. It was not a matter of thoughtless mistake or inadvertence any more than it would be such for one to walk briskly in

total darkness in an area absolutely new and unfamiliar to him. On the other hand, it might not in reason be considered negligent or acting without due regard for one's own safety to walk briskly in total darkness in an area which one, through reasonable mistake or inadvertence, could have reason to believe to be familiar territory where no known danger lay. Whether the latter act would constitute negligence would undoubtedly be a question of fact depending upon the circumstances. The former would in all probability be reasonably considered so flagrant a disregard for one's own safety as to amount to negligence as a matter of law.

In the Henninger case the defendant did nothing affirmative to constitute the premises more dangerous after the plaintiff was present, whether as a licensee or invitee. In the present case respondent unlocked a previously locked door to an admittedly dangerous doorway after appellant was already on the premises and while she was engaged in performing a portion of her contemplated functions which were admittedly for the common benefit of both parties. True, this act of unlocking the stairway door was not malicious or for the purpose of wilfully setting a trap for appellant. Nevertheless it did constitute the kitchen a more hazardous room to one who, though not thoroughly familiar with it, was sufficiently familiar to know that of the three doors leading out of it one led to the dining room and the other to a hallway leading to the front door. It cannot then be said positively and without possibility of reasonable contradiction that appellant was unquestionably negligent if through mistake or inadvertence she opened the stairway door immediately alongside the hallway door, and in her haste and, thinking it was the door to the hallway and relying upon her previous familiarity with the safe condition of the hallway, presumed to hurry through it without the kind of inspection which would reasonably be required where one was *knowingly* entering upon unfamiliar territory. Certainly it is a question upon which reasonable minds might differ and if so it becomes a question of fact for the jury and not one of those instances where the court could say, without possibility of reasonable contradiction, that appellant's conduct constituted negligence as a matter of law.

In *Silvestro* v. *Walz*, 222 Ind. 163 [51 N.E.2d 629], wherein plaintiff fell down an unguarded stairway the Supreme Court of Indiana, after commenting upon the appellate court's de-

cision in *Standard Oil Co. of Indiana* v. *Henninger* had this to say:

"Contributory negligence as a matter of law is usually a troublesome question and this case is no exception. . . . But even in door cases of which there are many cited in notes in 20 A.L.R. 1147 and 42 A.L.R. 1098, courts have held that contributory negligence was not shown as a matter of law. . . . 'The plaintiff was entitled to rely to a reasonable extent upon appearances, even though he misjudged the actual situation.' *Skidd* v. *Quattrochi* (1939), 304 Mass. 438 [23 N.E.2d 1009, 1011], citing . . . In a negligence case with quite different facts we referred to 'a twilight zone where reasonable minds may differ upon the question of negligence.' *Pfisterer* v. *Key* (1940), 218 Ind. 521, 531 [33 N.E.2d 330, 334]. The facts here bring the question of contributory negligence within that zone."

In *Helzer* v. *Wax*, 127 Ore. 427 [272 P. 556], the plaintiff backed through an open door or gate and fell down an elevator shaft. In *Garrett* v. *Eugene Medical Center*, 190 Ore. 117 [224 P.2d 563], plaintiff opened an elevator door and stepped through it, falling into the elevator shaft. In *Stewart* v. *Lido Café*, 13 Cal.App.2d 46 [56 P.2d 553], a patron of the café, thinking that he was opening the door to a restroom, mistakenly opened a door upon a stairway and fell to his death. In each of these cases it was held that the question of contributory negligence was a question of fact to be left to the trier of facts, and not a question of law.

We hold that under the circumstances here the question of appellant's contributory negligence, as well as whether appellant was an invitee or licensee, were and are questions of fact for the jury.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.