Argued 21 November ; decided 16 December, 1901.

## RATHBONE *v.* OREGON RAILROAD COMPANY.

[66 Pac. 909 ; 11 Am. Neg. Rep. 138.]

NEGLIGENCE AS TO TRESPASSER ON RAILROAD TRACK.

Deceased, while riding on a hand car with and by invitation of a section foreman, was killed by an irregular train, which came around a sharp curve at a high rate of speed. There was no time to check the train after the car came in sight.  The negligence charged was in running such a train around the sharp curve at a dangerous rate of speed without signals or precautions to discover whether there were persons on the track.  The foreman, without the knowledge and against the rules of the defendant, had been accustomed to take persons over this piece of road on hand cars.  *Held,* that the deceased was a trespasser, and the only duty the railroad company owed him was to exercise reasonable care to avoid injuring him after his presence on the track was discovered :  *Ward* v. *Southern Pac. Co.* 25 Or. 433, followed ; *Cederson* v. *Oregon Nav. Co.* 38 Or. 343, 359, cited.

From Multnomah :  ALFRED F. SEARS, JR., Judge.

Action by Ella Rathbone against the Oregon Railroad & Navigation Company for damages.   There was a judgment for plaintiff and defendant appeals.                    REVERSED.

For appellant there was a brief over the name of *Cotton, Teal & Minor,* with an oral argument by *Mr. Wm. W. Cotton.*

For respondent there was a brief over the names of *Joseph & Schlegel,* and *Watson & Beekman,* with an oral argument by *Messrs. Edw. B. Watson* and *Frank Schlegel.*

40 OR.—15.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action to recover damages for the death of Charles A. Rathbone, alleged to have been caused by the negligence of the defendant. The facts are that on Sunday, June 13, 1897, Rathbone and his wife, at the invitation of one of defendant's section foremen, went with him and his family on a hand car from Rooster Rock to Corbett, a distance of about a mile and a half, to "get some cherries to can." Upon their return, while passing around a curve in the road, where the view is obstructed, a collision occurred between the hand car and one of defendant's trains going west, and Rathbone was killed. The evidence shows that when the train and hand car came in view of each other they were so near that neither could be stopped in time to avoid the collision, and no negligence is charged against the operators of the train on this account. The ground of negligence alleged, omitting some averments upon which there was no proof whatever, is, in substance, that the defendant's roadbed and track between the stations named had been so continuously used since their construction by people traveling on foot, bicycles, and hand cars, with the knowledge and permission of the company, that it was bound to exercise reasonable caution to avoid injuring persons so traveling thereon; that, in disregard of its duty in this respect, it carelessly and negligently ran an irregular train, composed of a locomotive with an observation and baggage car in front, around sharp curves and embankments, and against the hand car upon which the deceased was riding, at a high and dangerous rate of speed, without ringing the bell, sounding the whistle, or giving any notice of its approach, or taking any precaution whatever to discover whether there was any person on or near the track in front of such train. The testimony, however, does not show that people not connected with the railroad company had used the track at the place indicated in any way except by riding upon a hand car thereon, or that the track was used in this way by the public generally, but is to the effect that from Corbett east for some miles the defend-

ant's roadbed is located along the Columbia River, at many places wholly occupying the space between the river and a high bluff which rises above it; that the country in the vicinity is very sparsely settled, and the means of communication between the different stations are very imperfect, except by the railway; that for some time prior to the accident, the defendant's section foremen, as an accommodation, had been accustomed to invite people living in the vicinity of the road to ride with them on hand cars, and had often used such cars to take their families and neighbors up and down the track on business and pleasure. This was not only without the authority of the company, but against its rules, and there is no testimony to show that it ever came to the attention of defendant's officers or agents; nor was the physical evidence of such use of a character that would impart knowledge thereof. The deceased was therefore riding on the hand car without permission, express or implied, from the company, and against its rules. Under all the authorities, the only duty it owed him under such circumstances was to exercise reasonable care not to injure him after his presence on the track was discovered. Except at public crossings or on public highways, the track of a railroad company is its private property, upon which no unauthorized person has a right to be. Its free and unobstructed use is not only essential to the transaction of the company's business, but to the safety of passengers on its trains. One who uses the track or right of way for his own convenience or pleasure, without the permission or invitation of the company, occupies the position of a mere trespasser. The company is under no legal duty or obligation to take precautions or to keep a lookout for him, its only duty being to use reasonable care not to injure him after he is discovered: *Ward* v. *Southern Pac. Co.* 25 Or. 433 (36 Pac. 166, 23 L. R. A. 715, 60 Am. & Eng. R. Cas. 34, with note) ; *Cederson* v. *Oregon Nav. Co.* 38 Or. 343 (63 Pac. 763, 21 Am. & Eng. R. Cas. 624).

Nor did the fact that Rathbone was riding on the hand car at the invitation of the section foreman in any way change or enlarge the duty or obligation of the defendant toward him.

The section foreman was not the agent of the company for any such purpose, and could not bind it by his acts. He was not engaged in carrying passengers, nor is a hand car used for such purpose. The deceased was not entitled to the rights of a passenger [*Gulf, Cal. & S. F. R. Co.* v. *Dawkins,* 77 Tex. 228 (13 S. W. 982); *Hoar* v. *Maine Cent. R. Co.* 70 Me. 65 (35 Am. Rep. 299)], but was wrongfully upon the track, notwithstanding he was there by invitation of the foreman (*Snyder* v. *Hannibal & St. J. R. Co.* 60 Mo. 413; *Flower* v. *Pennsylvania R. Co.* 69 Pa. St. 210 (8 Am. Rep. 251); *Duff* v. *Allegheny Val. R. Co.* 91 Pa. St. 458 (36 Am. Rep. 675); *Keating* v. *Michigan Cent. R. Co.* 97 Mich. 154 (56 N. W. 346, 37 Am. St. Rep. 328); *Craig* v. *Mt. Carbon Co.* 45 Fed. 448; *Ream* v. *Pittsburgh, etc. R. Co.* 49 Ind. 93]. He consequently had no right to complain of the manner in which the train was made up or the way in which it was operated. These things, so far as he was concerned, were purely within the discretion of the company. Negligence is a breach of a legal duty, and, before any action can be maintained therefor, there must exist some obligation or duty toward the plaintiff that the defendant has left undischarged or unfulfilled. The defendant owed no legal duty to the deceased, except not to wantonly or intentionally injure him because he was wrongfully upon its track or right of way, and therefore it cannot be charged with negligence upon mere proof of the manner in which it ran or managed its train.

It follows that the judgment of the court below must be reversed, and the case remanded for such further proceedings as may appear necessary, not inconsistent with this opinion.

REVERSED.