Argued June 22; affirmed July 13, 1937

# NAPIER *v.* FIRST CONGREGATIONAL CHURCH OF PORTLAND ET AL.

(70 P. (2d) 43)

*T. Walter Gillard*, of Portland (Wm. P. Lord, of Portland, on the brief), for appellant.

*W. K. Phillips* and *Willis Potter*, both of Portland (Sheppard & Phillips, of Portland, on the brief), for respondents.

KELLY, J. This action was brought against defendant, First Congregational Church of Portland, Oregon, and the trustees and pastor thereof as individuals. Plaintiff seeks to recover damages for personal injuries sustained by falling down a stairway leading to the basement of the church building.

After the opening statements to the jury were made, defendants objected to the introduction of any testimony and moved for a dismissal of the cause upon the ground that plaintiff's amended complaint failed to state a cause of action.

Plaintiff took an order of voluntary nonsuit as to defendant, First Congregational Church of Portland. The court entered an order of dismissal as to the individual defendants.

The question is whether or not the amended complaint states a cause of action against said individual defendants.

In said amended complaint, plaintiff alleges:

"That during all the times herein mentioned, the defendant, First Congregational Church of Portland, was and now is a corporation organized under the laws of the State of Oregon and is the owner of certain property located at Park and Madison Streets, Portland, and in connection therewith, defendants maintain and operate an office and employees who give advice and invite the general public to interview defendants' employees regarding personal problems."

"That defendants, J. C. Plankington, W. W. Ross, E. N. Morse and Raymond B. Walker, were at all times herein mentioned, trustees of the above named corporation and were charged with the responsibility of managing and controlling the property and buildings owned by the defendant corporation and were further charged with the further responsibility of the maintenance and operation of said buildings and property and defendant Dr. Raymond B. Walker, as the minister of said defendant corporation, was ex-officio member of the board of trustees and in the absence of the chairman of said board of trustees, presided at the meetings of said board of trustees."

"That on the 1st day of June, 1934, plaintiff went to interview said Dr. Raymond B. Walker, pursuant to afore said invitation, and while plaintiff was awaiting the privilege of interviewing said doctor, the plaintiff had occasion to go to the lavatory and plaintiff thereupon opened a door and stepped forward and the said door led down a steep stairway to the basement and as plaintiff stepped forward, plaintiff stepped into the open place made by said stairway and was thereby precipitated down said stairway and sustained the following injuries:" [Here follows a description of injuries and the ad damnum clause.]

"The defendants were negligent and careless in that the defendants failed to keep said door locked

and/or marked, informing the public that said door was an entrance to a basement stairway and were negligent and careless in not placing a false door in front of said stairway, all of which negligence proximately caused plaintiff the injuries and damages alleged.''

The question thus presented is whether or not the plaintiff's amended complaint alleges facts which disclose that it was negligence of a character entitling plaintiff to recover by reason of defendants failing to keep the door locked through which plaintiff passed in his quest for a lavatory, or failing to have said door marked informing the public that it was an entrance to a stairway, or not placing a false door in front of said stairway.

■■ This leads to the question as to the status of plaintiff. We think that plaintiff was a mere licensee. Assuming that for the purpose of interviewing Dr. Walker, the plaintiff was an invitee, when he chose to seek a lavatory he embarked upon a quest for which he had not been invited.

''Where a person has entered upon the premises of another under invitation, express or implied, he is bound by that invitation, and becomes a bare licensee if he goes, for purposes of his own, to some part of the premises other than that to which he was invited, uses the premises for purposes or in ways other than those for which they were intended or to which his invitation extends, or remains on the premises beyond a reasonable time after his invitation has expired.'' 45 Corpus Juris, Subject: Negligence, p. 794, § 198.

■ The law is well settled that a bare licensee, barring wantonness or some form of intentional wrong or active negligence by the owner or occupier, takes the premises as he finds them.

There is no allegation of an invitation, either express or implied, upon the part of appealing defendants to plaintiff that he make any other use of the premises, except that of calling upon Dr. Raymond B. Walker. There is no allegation in the complaint that there was or ever had been a lavatory in the church building. There is no allegation of wantonness or malice toward plaintiff on the part of appealing defendants.

The cases cited by plaintiff are distinguishable from the case at bar. *Hill v. Tualatin Academy*, 61 Or. 190 (121 P. 901), held that it was a question for the jury as to whether the placing of a gopher gun upon the grounds of a charitable institution, pursuant to the order of defendant, constituted negligence. In that opinion it is said:

"The loaded instrument when thus set would therefore seem to be inherently dangerous, or at least so hazardous as to require the cause to be submitted to the jury on this branch of the case."

*Cameron v. Kenyon-Connell Commercial Co.*, 22 Mont. 312 (56 P. 358, 44 L. R. A. 508, 74 Am. St. Rep. 602), is a case wherein defendants were charged with storing a greater quantity of gunpowder in the warehouse of a hardware establishment than allowed by the statute of the state. The establishment took fire. While plaintiff's intestate, Cameron, as chief of the fire department, and other firemen were fighting the fire, a fearful explosion occurred within the warehouse and many persons, including Cameron, were killed.

We find this statement in the Montana case:

"The corporation, therefore, by maintaining this nuisance, became subject of indictment for misdemeanor (Whart. Cr. Law § 91) as well as liable in civil action for injury to person or property caused by the nuisance (Heeg v. Licht, 80 N. Y. 579). These

propositions are too plain for extended comment. They demonstrate a liability to this plaintiff, assuming always the evidence is uncontradicted.''

■ It is not nor could it be contended that defendants were maintaining a nuisance by having a stairway guarded by a door from the first floor to the basement in their church building.

In *DeVerdi v. Weiss,* 16 Cal. App. (2d) 439 (60 P. (2d) 879), the plaintiff, a patron of defendant's cafe, while returning from the rest room in ascending the stairway slipped and fell. The court correctly held that the plaintiff was an invitee and was lawfully using defendant's premises. In the case at bar, there is no allegation that defendants maintained a lavatory and certainly nothing to indicate that the callers upon the pastor of the church were invited to such a place.

. The case of *Papineau v. Distributors Packing Co.,* 10 Cal. App. (2d) 558 (52 P. (2d) 571), cited by plaintiff, quotes the case of *Bush v. Weed Lumber Co.,* 63 Cal. App. 426, 432 (218 P. 618, 620):

''An invitation to use the premises of another is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using them.''

There it was held that the plaintiff was an invitee. He was an employee of the Pacific Pipe and Tank Company which had contracted to erect a cooling plant on the roof of one of the buildings located on the premises of defendant, Distributors Packing Co.

Plaintiff had inquired of Huston, defendant's superintendent, how the roof of the building on which the cooling plant was to be installed could be reached. Huston pointed to the water tank and said, ''That is where you get up on the roof.'' On the day when the

accident occurred, Huston, in plaintiff's presence, requested a guy wire to be placed on the northwest upright of the water tank tower. In order to get the end of this guy line fastened there, plaintiff started to climb the ladder on the northwest upright of the water tank tower. One of the cleats between the two crossbars or guiders split in two when plaintiff grasped it with his left hand whereupon he fell first to the roof of the little shed and then on the ground. It is obvious that there is a distinction between that case and the one at bar. There is no allegation in the instant case of a request or suggestion by defendants that plaintiff take the course he took or the one he attempted to take. In the California case, last cited, plaintiff's attempted services would have been to the advantage of defendant.

The holding in *Hamakawa v. Crescent Wharf & Warehouse Co.*, 4 Cal. (2d) 499 (50 P. (2d) 803), is to the effect that where plaintiff was a visitor to a ship and, without obtaining permission from the stevedore, using dock to load ship, to use visitor's passageway through warehouse to ship, proceeded along dock and was injured by a bale of paper falling off balcony of warehouse when the bale was struck by sling operated by stevedore in loading ship, he, plaintiff was not entitled to recover for injury since he had no right to be on dock.

■ It certainly does not tend to support the contention that one, who is wandering around in a church building hunting for a lavatory and in doing so opens a door at the head of a stairway and falls down the stairway, is entitled to recover damages for the injuries he thus sustains.

The judgment of the circuit court is affirmed.

BAILEY and ROSSMAN, JJ., not sitting.