28613. SLAUGHTER *v.* THE STATE.

DECIDED JANUARY 22, 1941. REHEARING DENIED MARCH 4, 1941.

*Grover C. Powell, John W. Bolton,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

GARDNER, J. Fred Slaughter was convicted under an accusation charging him with assault and battery, "for that the said Fred Slaughter, in the county aforesaid, on the 2nd day of April, 1939,

did then and there unlawfully upon the person of J. T. Thomasson did make an assault, and him, the said J. T. Thomasson, did unlawfully beat, contrary to the laws of said State, the peace, good order, and dignity thereof." The defendant moved for a new trial on the general grounds and on twenty special grounds. The court overruled the motion, and the defendant excepted. After a careful study of the lengthy record and briefs of counsel, we are of the opinion that the special assignments of error are without merit, and that the only question for our determination is whether the evidence authorized the verdict of guilty. The record of the evidence and the defendant's statement shows much conflicting testimony, and highly extraneous, immaterial matter. The latter the court must disregard, and determine whether, resolving all conflicts in the evidence in favor of the verdict (*Western & Atlantic Railroad* v. *Mathis, 63 Ga. App.* 172 (10 S. E. 2d, 457), there was sufficient evidence to authorize the conviction of the defendant. For a consideration of this question the evidence was briefly and substantially as follows: The defendant, representing a religious sect known as Jehovah's Witnesses, on April 2, 1939, on Sunday, about midday, in LaGrange, Georgia, called at the home of J. T. Thomasson, uninvited, with a phonograph containing a record of their Bible lecture, and with a hand case containing Bible literature, and, ringing the door bell, inquired of Thomasson whether he was the resident. Thomasson, who had been ill and was in his bathrobe, went to the front door. We quote from the testimony of Thomasson: "Some one came to the door, rang the bell, and I called out, 'What do you want?' The man said, 'Are you the resident here?' and I said that I was. The screen door was closed and the front door open. I went to the door and the man whom I now know to be Fred Slaughter attempted to open the screen and come in. He had this machine in one hand. He had this small phonograph in his right hand; this other smaller thing he kept his papers in in the other. He put the phonograph down on the porch and said he wanted to play something on a record. I did not want to hear it, and I asked him to get off my premises. He refused, and he insisted on playing the record. I stepped out from behind the screen door and kicked this [indicating the phonograph] off the porch or to the edge of the porch. He ran and got it and grabbed me in the collar with his hand and attempted to hit me with his

right hand; but as he attempted to strike me with it, W. P. Farmer came up and stopped him. They had a scuffle around the corner of the house, and I did not see that part of it. I had not done anything to that man to cause such actions from him. I never saw him before in my life. . . Prior to this time I had been attorney for the City of LaGrange. . . He opened the screen and attempted to come in, when I ordered him off. I saw he had a phonograph machine. After he asked permission to play this, I ordered him off." Notwithstanding there was a version given by the defendant, highly conflicting with the foregoing account of the occurrence, the facts as stated above were sufficient to authorize the verdict of guilty. The charge of the court was full and fair, and presented all necessary instructions to the proper determination of the issues by the jury under the facts stripped of extraneous. immaterial matter.

"An assault is an attempt to commit a violent injury on the person of another." Code, § 26-1401. "Battery is the unlawful beating of another, and is a misdemeanor." § 26-1408. Granting that the evidence showed no previous notice, in any form, by Thomasson to the defendant not to come to his home for the purposes indicated by the evidence, and that under *DeBerry* v. *LaGrange*, 62 *Ga. App.* 74, 83 (8 S. E. 2d, 146), he was not a trespasser in so visiting the home, yet when he was notified by Thomasson that the purpose of his visit was not acceptable, and that he should immediately leave his premises, the defendant on refusing to leave became a trespasser and his further presence became unlawful. In *DeBerry* v. *LaGrange*, supra, the court held: "Where the owner or occupant has indicated his unwillingness to have persons enter his premises we can readily see that such entry after such notice would constitute a trespass." To constitute the presence of such person a trespass, we think it makes no difference that, as in the instant case, it was subsequent to the entry that the notice was received. Upon the defendant's refusal to leave, Thomasson had a right to eject him and his property, but with force not disproportionate to that required to eject him. Whether or not Thomasson was using force in excess of that necessary, giving in turn the right to the defendant to defend himself against an unwarranted assault as to him or his property, but not to an extent within itself to constitute an assault and battery on Thomasson, or whether the defendant

was arbitrarily refusing to leave and was committing an unwarranted battery upon Thomasson, were questions for the jury under the proper instructions of the court, which we find under the charge were made.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*