Argued October 19, affirmed November 10, 1954, petition for
rehearing denied January 19, 1955

# HANSEN *v.* COHEN ET AL.

276 P. 2d 391
278 P. 2d 898

· *Carlton R. Reiter*, Portland, argued the cause for appellant. On the brief were Stern, Reiter & Day, Portland.

*William F. Bernard*, Portland, argued the cause for respondents. On the brief were Collier, Bernard, Bernard & Edwards and Merwin Rankin, Portland.

Before LATOURETTE, Chief Justice, WARNER, BRAND and PERRY, Justices.

LATOURETTE, C. J.

Action by Clarence Hansen against Cohen and Kesselman, co-partners, to recover damages resulting from an assault and battery by an employee of defendants who operated what is known as the Civic Parking Lot in Portland. From a judgment of nonsuit plaintiff appeals.

On the evening of April 19, 1952, plaintiff went to the lot to get his car which he had left there earlier in the day. He entered the office building on the premises and paid Millard Waters, defendants' employee in charge, his parking fee. The undisputed facts are that upon the payment of the fee plaintiff invited Waters

to throw dice with him for a wager of his fifty cents change. The invitation was accepted by Waters. At the conclusion of the dice rolling a dispute arose between them concerning the division of the winnings. Heated words ensued, whereupon the assault by Waters occurred.

The evidence discloses that Millard Waters, who had been in the employ of defendants since 1946, was a person of vicious propensities and was prone to the use of physical force and violence, all within the knowledge of defendants.

Plaintiff advances the legal proposition that at the time of the assault he was an invitee on the premises and because thereof defendants are liable for the assault on the legal ground that they were negligent in retaining Waters as their employee after they knew of his vicious propensities. It is conceded that the doctrine of respondeat superior is not involved because at the time of the melee the employee was not acting within the scope of his authority.

■ It is well settled that an employer may be liable to an invitee for an assault perpetrated by an employee of vicious propensities under certain circumstances, the rule being well stated in 35 Am Jur 1007, Master and Servant, § 574, as follows:

> "Nevertheless, the courts generally recognize that there is a duty imposed upon an employer who is in the position of an inviter,—holding out an invitation to third persons to come upon his premises for the transaction of business or the like,—to avoid employment or retention of servants whom he knows or should know are unfit to meet invitees with whom they are likely to come in contact, by reason of objectionable character, temperament, or propensity rendering them liable to assault such persons, and that failure to do so may render the

employer responsible even for a personal assault on an invitee by such servant.''

The same legal principle was recognized in *Peck v. Gerber,* 154 Or 126, 59 P2d 675, and *Kelley v. Oregon Shipbuilding Corp.,* 183 Or 1, 189 P2d 105.

■■ It is equally well settled that the owner of premises owes no duty to a bare licensee or a trespasser other than to avoid injuring him wilfully or wantonly. In *Lange v. St. Johns Lumber Co.,* 115 Or 337, 343, 237 P 696, we read:

"There is a difference between one present on premises by an invitation, express or implied, and one who is merely there by permission or toleration. The one is termed an invitee and the other mere licensee. As to the former, the owner of the premises is bound to use reasonable care to prevent the infliction of hurt upon the invitee: Keeran v. Spurgeon Mercantile Co., 194 Iowa 1240, 191 N. W. 99, 27 A.L.R. 579. As to the latter, the owner of the premises owes no greater duty than to avoid willful or wanton injury to the licensee.''

See *Kesterson v. California-Oregon Power Co.,* 114 Or 22, 228 P 1092; *Akerson v. D. C. Bates & Sons, Inc.,* 180 Or 224, 174 P2d 953; 65 CJS 438, Negligence, § 24; 38 Am Jur 771, Negligence, § 109.

■ It therefore becomes necessary, in order to arrive at a proper disposition of this case, to determine the status of plaintiff at the time of the assault. Although one's status may originally be that of invitee the same may be lost under certain circumstances. This rule was stated in *Napier v. First Congregational Church,* 157 Or 110, 113, 70 P2d 43. In that case plaintiff called on the minister pursuant to invitation and while awaiting an interview with him he had occasion to go to the

lavatory whereupon he opened a door and stepping forward fell down a stairway. We there said:

"This leads to the question as to the status of plaintiff. We think that plaintiff was a mere licensee. Assuming that for the purpose of interviewing Dr. Walker the plaintiff was an invitee, when he chose to seek a lavatory he embarked upon a quest for which he had not been invited.

" 'Where a person has entered upon the premises of another under invitation, express or implied, he is bound by that invitation, and becomes a bare licensee if he goes, for purposes of his own, to some part of the premises other than that to which he was invited, *uses the premises for purposes or in ways other than those for which they were intended or to which his invitation extends,* or remains on the premises beyond a reasonable time after his invitation has expired.' 45 Corpus Juris, Subject: Negligence, p. 794, § 198." (Emphasis supplied.)

We read in 38 Am Jur 762, Negligence, § 101:

"The duty owed by an owner or occupant of premises to an invitee for his safety is measured and limited by the nature of the invitation held out. His liability is only coextensive with the invitation; and to entitle a person to recover for injuries on the basis of a duty owed to him as an invitee, he must show that at the time of the injury he was using the premises for a purpose contemplated by the invitation. * * *" See 65 CJS 541, Negligence, § 49.

In the following cases where the party claiming damages used the premises for purposes other than those for which they were intended or to which the invitation extended, he was termed a trespasser by the court: *Ryan v. O'Hara,* 241 Wis 389, 6 NW2d 209; *Commonwealth v. Henderson's Guardian,* 245 Ky 328, 53 SW2d 694; *Amblo's Adm'x v. Vermont Associated*

*Petroleum Corp.,* 101 Vt 448, 144 A 460. See 42A Words and Phrases, ''Trespasser.''

■ The gravamen of the charge in the complaint is the negligence of defendants in retaining Waters, well knowing of his vicious propensities. There can be no negligence if there is no duty or obligation due from one person to another. This rule is well stated in *Haynes v. Ore.-Wash. R. & N. Co.,* 77 Or 236, 244, 150 P 286, as follows:

> ''Negligence is an infraction of a legal obligation due from one person to another, and where there is no duty there can be no negligence. * * * The plaintiff herein was a trespasser upon premises the care of which devolved upon the defendant, and it owed to him no duty except that of not inflicting any wanton or reckless injury.''

■ We conclude as a matter of law that plaintiff was unlawfully using the defendants' premises for purposes or in ways other than those for which they were intended or to which his invitation extended. He was in no better position than had he come in directly from the street to gamble. By no stretch of the imagination could it be assumed that the defendants intended to permit the premises to be used for gambling purposes. They were engaged in the business of operating a parking lot and not that of gambling. Being on an unlawful quest of his own at the time of the fracas, defendants owed him no duty other than to avoid injuring him willfully or wantonly. There is no contention that they so acted.

ON PETITION FOR REHEARING

*Stern, Reiter & Day* and *Jerome B. Shank,* of Portland, for the petition.

*Collier, Bernard, Bernard & Edwards* and *Merwin Rankin,* of Portland, contra.

PER CURIAM.

Plaintiff's first proposition in his petition for rehearing is that we erred in holding that at the time of the alleged injury plaintiff was not a business invitee. It is asserted that the transition from the status of invitee to licensee or trespasser can only take place when an injured party removes himself from the physical area to which he was invited and that the cases supporting the text of Corpus Juris Secundum and American Jurisprudence and the cases we cited are all confined to the so-called area theory and that since plaintiff remained in the same area of the parking lot where he was invited to park his automobile, he remained an invitee at all times.

There is a wealth of authority that a person may change his status even though he remains in the same area to which he was invited. The following cases instruct us that a person's status may shift to that of a trespasser although he remains in the same area where he was invited to go. *Polston v. S. S. Kresge,* 324 Mich 575, 37 NW2d 638; *Barry v. Southern Pac. Co.,* 64 Ariz 116, 166 P2d 825, 828; *Connelly v. Virginian Ry. Co.,* 124 W Va 254, 20 SE2d 885; *Slaughter v. State,* 64 Ga App 423, 13 SE2d 391; *Humphrey Co. v. Cohen,* 16 Ohio Cir Ct Rep 284, 286; *Page v. Town of Newbury,* 113 Vt 336, 34 A2d 218; *Hurwith v. Shapiro,* 334 Ill App 619, 79 NE2d 528.

Plaintiff argues that the defendant would be liable to plaintiff even though he were a licensee and even though the assault was not willful or wanton on the part of defendants if they were guilty of active neg-

ligence, citing *Napier v. First Congregational Church of Portland,* 157 Or 110, 70 P2d 43 and *McHenry v. Howells,* 201 Or 697, 272 P2d 210.

■ The fallacy of the above is that this action is predicated upon the retention by defendants of Waters in their employ after they knew of his vicious propensities. At the most, failure to discharge would be passive negligence.

■ We recognize that the words "licensee" and "trespasser" have in many cases, both in this and other jurisdictions, been employed in cases of this type as being synonymous. Much loose judicial expression has been employed in dealing with the subject. However, there is a very marked distinction between them. A licensee is one who goes onto land of another with an express or implied invitation for his own pleasure and purposes, while a trespasser is one who enters or remains upon lands in the possession of another unlawfully and without the consent or acquiescence of the owner. See 2 Restatement of the Law, Torts, § 329, et seq. Some courts permit recovery by a licensee or trespasser for active negligence while others do not permit a trespasser to recover for such negligence. Annotations, 49 ALR 778 and 156 ALR 1221.

■ In this state we have consistenly held that as to a trespasser, such as we have in the instant case, there can be no liability against the owner of the premises unless the injury was brought about by wanton or willful negligence on his part.

In the early case of *Rathbone v. Oregon Ry. Co.,* 40 Or 225, 66 P 909, where Rathbone and his wife, at the invitation of one of defendant's section foremen, went with him on a Sunday on a handcar from Rooster Rock to Corbett, a distance of about one and one-half

miles, to get some cherries. While returning from their jaunt and while passing around a curve in the railroad a collision occurred between the handcar and one of defendant's trains, whereupon Rathbone was killed. We held that Rathbone was a mere trespasser, and said:

"* * * He consequently had no right to complain of the manner in which the train was made up or the way in which it was operated. These things, so far as he was concerned, were purely within the discretion of the company. Negligence is a breach of a legal duty, and, before any action can be maintained therefor, there must exist some obligation or duty toward the plaintiff that the defendant has left undischarged or unfulfilled. The defendant owed no legal duty to the deceased, except not to wantonly or intentionally injure him because he was wrongfully upon its track or right of way, and therefore it cannot be charged with negligence upon mere proof of the manner in which it ran or managed its train."

See *Haynes v. Oregon-Washington, etc. Co.,* 77 Or 236, 244, 150 P 286; *Kesterson v. California-Oregon Power Co.,* 114 Or 22, 31, 228 P 1092; *Carr v. Oregon-Washington R. R. & Nav. Co.,* 123 Or 259, 261 P 899.

█ Plaintiff relies on *Holcomb v. Meeds,* 173 Kans 321, 246 P2d 239, wherein plaintiff's decedent, together with his paramour, rented one of defendant's cabins for a concededly immoral purpose. They met their death as the result of a defectively connected gas heater. The court held that their illegal sortie did not constitute a defense for the wrongful death since their actions had no causal connection with their death. That case and ours do not parallel each other. One cannot equate the actions of an employee, acting without the scope or course of his employment, to that

of a piece of machinery or equipment. In the Kansas case the defendant at all times had the control of the defective instrumentality while in the case sub judice when defendants' employee engaged in conduct clearly outside the scope or course of his employment and not within the contemplation of the employer, control and responsibility for his act to the trespasser ceased.

We find no merit in the other points raised.

Petition denied.

BRAND, J., for rehearing.