Argued October 31, affirmed November 23, 1960

## BAER *v.* VAN HUFFELL ET UX
356 P. 2d 1069

*Gottlieb J. Baer*, Bend, argued the cause and submitted briefs for the appellant.

*Winfrid Karl Liepe*, Portland, argued the cause for respondents. With him on the brief were James F. Bodie, Prineville, Maguire, Shields, Morrison, Bailey & Kester, Portland.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and King, Justices.

PERRY, J.

This is an action to recover damages for the alleged negligence of the defendants which resulted in the unfortunate and untimely death of Alice Baer.

The trial court sustained the defendants' motion for a directed verdict and the plaintiff appeals.

The facts in the record disclose that on July 21, 1957, the deceased and her husband were social guests in the home of the defendants; that these parties were preparing to enjoy an outdoor picnic together that afternoon. At approximately 1:15 p.m. preparations were made to leave the defendants' home and the defendant Julius L. Van Huffell left the kitchen where the parties had been sitting and proceeded to the lavatory in the front portion of the house. At the same

time, Mrs. Baer arose, and Mrs. Van Huffell, who stated she knew what the deceased wanted to do, said to her, "You use the one back here." There is a lavatory near the kitchen at the rear of the house, which is reached by going from the kitchen into a utility room and then into the lavatory. This was the lavatory to which Mrs. Van Huffell directed Mrs. Baer. Off the kitchen, in the direction of the utility room, are two doorways, one opening to the utility room and the other to the basement stairs. These doorways stand at right angles to each other in one corner of the kitchen and both doors open outward from the kitchen area.

There is evidence in the record, both on behalf of the plaintiff and the defendants, that when the door to the utility room is open portions of the lavatory door may be seen from certain positions in the kitchen. The door to the utility room was open at the time of the accident, but to what extent is not made certain. The deceased started for the lavatory, opened the door to the stairway leading to the basement, fell down the basement stairs, and suffered the injuries which resulted in her death.

There is also evidence the defendants knew that another person had fallen down these same stairs and that as an added safety feature the defendants had placed a hook on the basement door so that, even though the latch was turned, the door would not open until the hook was lifted. The hook was not in place when the deceased opened the basement door and fell.

There is uncontradicted evidence that the deceased had been a visitor in the home of the defendants on several occasions and on one occasion had visited the basement. There is no evidence that the deceased had ever been in the lavatory off the utility room. There

is also evidence that in the daytime a window in the basement would cast a light on the basement stairs.

■ There can be no question but that the deceased was a social guest in the home of the defendants. The duties owed a social guest in his home by a host are set forth by this court in *McHenry v. Howells et ux.*, 201 Or 697, 272 P2d 210, and are reaffirmed in *Burch v. Peterson et ux.*, 207 Or 232, 295 P2d 868. These duties imposed on the host are (1) not to willfully, wantonly or intentionally injure the guest, (2) not to injure the guest through active or affirmative negligent action, and (3) to warn a guest of any pitfall or trap from which the guest could not avoid injury by reasonable care and skill.

The plaintiff does not contend the defendants were guilty of willful, wanton or intentional negligent conduct. His contention is that there was some evidence of affirmative negligent action and, also, that the basement stairway, with the door opening toward the stairway, might be considered a trap or pitfall, therefore, these matters should have been determined by the jury.

There is no evidence of affirmative negligence by the defendants. The defendants simply designated the lavatory the deceased might use. The plaintiff's statement "defendant Nettie Van Huffell was negligent in giving such direction without indicating which door was the lavatory door" does not indicate an act of commission, but only one of omission. It shows only a failure to give full and complete instructions to the deceased of the route to be traveled to reach the lavatory designated, not a direction into a place of danger.

The sole question then is whether or not a condition in a home which consists of an unlocked door opening out from a room to stairs leading to a lower level is such a dangerous condition in itself that reasonable

minds would disagree that a person who did not know the premises could not avoid, by reasonable care and skill, injury from such a condition and, therefore, there exists the affirmative duty upon the host to warn of the condition.

■■■ We think it must be conceded that general knowledge informs all reasonable minds that a great many houses are constructed so that there are rooms on different grade levels; that these different levels are reached by stairways which have doors closing off those stair areas. This general knowledge should warn every guest in a home that such a stairway may exist. Reasonable care, therefore, would require a guest upon opening any door to investigate before stepping across the threshold. Reasonable care and skill would have disclosed to the deceased that the door through which she passed opened into a stairway.

It seems to us immaterial which way a door swings. See *Tempest v. Richardson*, 5 Utah2d 174, 299 P2d 124, and cases cited therein.

This was a very unfortunate occurrence, but there being no evidence of the defendants' negligence, the judgment is affirmed.