248 P.3d 6 (2011)
240 Or. App. 510
Randall J. STEWART, Deceased, by and through Darlene HILL, Personal Representative of the Estate of Randall J. Stewart, Plaintiff-Appellant,
v.
Norman KRALMAN, Defendant-Respondent.
Norman Kralman, Third-Party Plaintiff-Respondent,
v.
Oregon State Snowmobile Association and Tollgate Trailfinders Association, Third-Party Defendants-Respondents, and
Karen Spence, Defendant.
CV061650; A140040.
Court of Appeals of Oregon.
Argued and Submitted January 21, 2010.
Decided February 2, 2011.
*7 W. Eugene Hallman, Pendleton, argued the cause for appellant. With him on the briefs was Hallman & Dretke.
Janet M. Schroer, Portland, argued the cause for respondent Norman Kralman. With her on the brief were Marjorie A. Speirs and Hoffman Hart & Wagner LLP.
John Kaempf, Portland, argued the cause for respondents Oregon State Snowmobile Association and Tollgate Trailfinders Association. With him on the brief was Brooksby Kaempf PC.
Before ORTEGA, Presiding Judge, and SCHUMAN, Judge, and LANDAU, Judge pro tempore.
ORTEGA, P.J.
Plaintiff was severely injured while riding his snowmobile on defendant's land. Plaintiff appeals a judgment that dismissed his negligence action on summary judgment on alternative theories. First, the trial court concluded that defendant was immune from liability under ORS 105.682(1) because plaintiff's injuries arose out of his use of defendant's land for a recreational purpose. Second, the trial court determined that, pursuant to ORS 105.696, if plaintiff was on defendant's land closed to the public, he was a trespasser and defendant only owed plaintiff a duty not to injure him by willful or wanton conduct. We affirm.
For purposes of our review, the relevant undisputed facts are few. Plaintiff was traveling along a snowmobile trail that crossed defendant's property from west to east and ran parallel to Highway 204. The trail intersected defendant's driveway. Plaintiff suffered severe injuries when he turned off of the snowmobile trail onto the driveway and collided with a cable that was stretched across the driveway to prevent vehicle access from Highway 204.
Plaintiff[1] filed this negligence action against defendant, alleging that he was injured in a snowmobile accident on defendant's property that was caused by defendant's negligent acts of placing a cable across the driveway without adequate visible warning, failing to place adequate warning signs leading up to the driveway, and failing to use a "less lethal" method of blocking the driveway. Defendant filed a third-party complaint seeking contribution and indemnity from third-party defendants Oregon State Snowmobile Association and Tollgate Trailfinders *8 Association (the Associations), and plaintiff's riding companion Spence.[2]
The Associations moved for summary judgment, contending that defendant was immune from liability under Oregon's recreational land immunity statutes, ORS 105.672 to 105.696. In particular, the Associations relied on ORS 105.682, which states:
"(1) Except as provided by subsection (2) of this section, and subject to the provisions of ORS 105.688, an owner of land is not liable in contract or tort for any personal injury, death or property damage that arises out of the use of the land for recreational purposes * * * when the owner of land either directly or indirectly permits any person to use the land for recreational purposes * * *. The limitation on liability provided by this section applies if the principal purpose for entry upon the land is for recreational purposes * * * and is not affected if the injury, death or damage occurs while the person entering land is engaging in activities other than the use of the land for recreational purposes * * *.
"(2) This section does not limit the liability of an owner of land for intentional injury or damage to a person coming onto land for recreational purposes * * *."
The Associations argued that plaintiff was injured while recreating on land open for recreational purposes. In addition, the Associations argued that even if the driveway area was closed to the public for recreational use, defendant was still immune because plaintiff's injury "arose out of" his use of defendant's land that was open for recreational purposes. That is, plaintiff's injury need not have occurred on a portion of defendant's land that was open for recreational purposes as long as the injury arose out of plaintiff's use of some part of defendant's lands that were open for recreational purposes. Defendant also moved for summary judgment, adopting the Associations' arguments and putting forth facts in support of his contention that the area was open to recreational use.
Plaintiff responded to the motions by asserting that defendant could not claim immunity under ORS 105.682(1) because the location where plaintiff was injured was not open to the public. Plaintiff interpreted ORS 105.682(1) to mean that defendant was immune only if the injury occurred on land which is open to the public to use for recreational purposes. That is, the operative language in ORS 105.682(1) is the legislature's use of the phrase "the land," which, plaintiff asserted, places the focus on whether the specific piece of land where the injury occurred is open to the public. Plaintiff also contended that, to the extent that ORS 105.682 eliminates his remedy, it violates Article I, section 10, of the Oregon Constitution.
The Associations filed a reply asserting that if plaintiff's injury occurred on land that was not open to the public, as argued by plaintiff, then defendant was not liable to plaintiff because plaintiff was a trespasser. At the summary judgment hearing, plaintiff contended that the assertion in the reply that plaintiff's status as a trespasser barred his claim was a new argument not raised in the motions for summary judgment and thus could not be considered by the court. The trial court responded by giving all of the parties three weeks to submit "post summary judgment hearing briefs in support of their positions[.]" Plaintiff's post-hearing brief did not address the merits of the trespass issue, but rather contended that the issue had not been properly raised and that the common-law duties of landowners to trespassers were not before the court.
The trial court concluded that whether the driveway was open to use by snowmobiles remained a disputed issue of fact, but that resolution of that dispute was not necessary in order to resolve the case. The court granted summary judgment based on its determination that defendant was immune under ORS 105.682(1), even if the injury occurred on a portion of defendant's land that was closed to the public, because plaintiff's injury "arose out of" his use of the portion of defendant's land that was undisputedly open *9 to the public for recreational purposes. Alternatively, the court determined that even if ORS 105.682 did not apply, then, according to the facts alleged by plaintiff, he was a trespasser and was owed "no duty of care by a defendant not alleged to have acted willfully or wantonly."
We review the record in the light most favorable to the nonmoving party to determine whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Jones v. General Motors Corp., 325 Or. 404, 420, 939 P.2d 608 (1997).
On appeal, the parties reprise their arguments concerning the proper interpretation of ORS 105.682 and whether the statute affords immunity to a landowner for injuries that occur on land that is closed to the public for recreational purposes, if the injury "arose out of" use of land that is open to the public for recreational purposes. Plaintiff contends that, if the portion of the land upon which the injury occurred is closed, there is no immunity. Defendant and the Associations argue for a broader interpretation that, as long as plaintiff was recreating on some portion of defendant's open land, it does not matter that his injury occurred on a portion of the land that was closed to the public. We need not determine who is correct on the statutory interpretation question because, based on the facts as pleaded and the evidence submitted on summary judgment, plaintiff cannot prevail as a matter of law.
Defendant's driveway was either open or closed to the public; there is no third choice. Plaintiff does not dispute that defendant is immune from liability under ORS 105.682(1) if the driveway was open to the public for recreational purposes. Further, he does not dispute that he was a trespasser if the driveway area was closed to the public. Instead, on appeal, plaintiff argues that the trespass issue was not properly raised because the summary judgment motions were based on the recreational lands immunity statutes. Plaintiff contends that the issue was not raised until "the record was closed." In support, plaintiff asserts, citing Outdoor Media Dimensions Inc. v. State of Oregon, 150 Or.App. 106, 945 P.2d 614 (1997), aff'd, 331 Or. 634, 20 P.3d 180 (2001), that a trial court may not grant summary judgment on grounds not asserted in the motion because, otherwise, the party opposing the motion lacks the opportunity to develop a complete factual record.
Defendant and the Associations argue, and we agree, that their trespass argument was the logical reply to plaintiff's assertion that the driveway was closed to the public. In essence, defendant was simply pointing out the legal effect of plaintiff's argument. The case law cited by plaintiff is not helpful to his cause because, to begin with, the Associations and defendant simply made legal arguments in their reply briefs and did not submit additional evidence. Further, the court gave plaintiff an additional three weeks to brief the issue, and plaintiff elected not to use that time to supplement the evidentiary record. Plaintiff cannot now complain that he had no opportunity to address or develop a complete factual record on the trespass issue. Accordingly, we must evaluate whether plaintiff's status as a trespasser would bar defendant's liability. If it would, then plaintiff's claim fails as a matter of law either because of recreational immunity under ORS 105.682(1)[3] or because plaintiff was a trespasser.
Oregon follows the traditional rules governing landowner liability, under which the duty that the landowner owes to a person who comes on land depends on whether the person is an invitee, licensee, or trespasser. Walsh v. C & K Market, Inc., 171 Or.App. 536, 539, 16 P.3d 1179 (2000). Although the recreational lands immunity statutes were enacted to encourage landowners to open their land for recreational purposes, the statutes have not changed the common-law analysis for trespassers. See ORS 105.696(1) *10 (stating that the statutes do not "[c]reate a duty of care or basis for liability for personal injury, death or property damage resulting from the use of land for recreational purposes * * *"). Further, Oregon law on trespasser liability is well settled that "the owner of the premises owes no duty to a bare licensee or a trespasser other than to avoid injuring him willfully or wantonly." Hansen v. Cohen et al, 203 Or. 157, 161, 276 P.2d 391, on reh'g, 203 Or. 157, 278 P.2d 898 (1955); see also Brady/Flynn v. Kroger, 347 Or. 331, 338, 221 P.3d 151 (2009).
Although plaintiff failed to allege willful or wanton conduct by defendant below, he argues that the record contains evidence that defendant's conduct was "willful and wanton," particularly, that defendant placed a cable across the driveway with limited marking when defendant knew that the driveway was frequented by snowmobilers. In addition, plaintiff contends that defendant owes a higher duty when "constant trespassers" intrude onto the land, citing the Restatement (Second) of Torts § 335 (1965),[4] and that there is evidence of constant trespassers on defendant's land.
As we have already noted, plaintiff neglected to address the issue of trespass when given the opportunity to do so in the trial court. He also failed to raise either of the arguments that he now presents on appeal. Because those arguments are not preserved, we do not consider them. Ailes v. Portland Meadows, Inc., 312 Or. 376, 380-81, 823 P.2d 956 (1991). Accordingly, plaintiff's general negligence action must fail if he was a trespasser, as he alleges he was.
In conclusion, summary judgment was proper in this case. If the driveway area was open to the public for recreational use, defendant is entitled to immunity under ORS 105.682(1). If the driveway area was closed to the public for recreational use, plaintiff was a trespasser and defendant owed only a duty not to injure plaintiff willfully or wantonly.
Affirmed.
NOTES
[1] Plaintiff died during the pendency of this appeal, and the personal representative of his estate has been substituted as plaintiff. For ease of reference, "plaintiff" in this opinion refers to both decedent and the personal representative of his estate.
[2] Spence declared bankruptcy and the action against her was severed from the remaining claims. The trial court dismissed the third-party complaint against Spence upon granting summary judgment.
[3] Plaintiff argues that the application of ORS 105.682 to bar his claims violates the remedies clause of Article I, section 10, of the Oregon Constitution. He fails to develop his argument in support of that assertion, however, and we reject it without further discussion. See State v. Acremant, 338 Or. 302, 317 n. 12, 108 P.3d 1139, cert. den., 546 U.S. 864, 126 S.Ct. 150, 163 L.Ed.2d 148 (2005).
[4] That section provides:

"A possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area of land, is subject to liability for bodily harm caused to them by an artificial condition on the land, if
"(a) the condition
"(i) is one which the possessor has created or maintains and
"(ii) is, to his knowledge, likely to cause death or serious bodily harm to such trespassers and
"(iii) is of such a nature that he has reason to believe that such trespassers will not discover it, and
"(b) the possessor has failed to exercise reasonable care to warn such trespassers of the condition and the risk involved."